*R. R. Marlin* and *W. H. Gurr,* for plaintiff.

*R. R. Jones,* for defendant.

---

## BOARD OF EDUCATION OF POLK COUNTY *et al. v.*
## HACKNEY.

A petition for mandamus to require a county board of education to pay an alleged debt for services rendered by a licensed teacher in a school district under employment by the trustees of that district, for which debt a judgment had been obtained against those trustees, *held* subject to general demurrer for failure to allege a cause of action.

No. 4715. JANUARY 25, 1926.

Mandamus. Before Judge Irwin. Polk superior court. December 31, 1924.

*John K. Davis,* for plaintiffs in error.

*W. K. Fielder,* contra.

ATKINSON, J. M. B. Hackney instituted mandamus proceedings against the Board of Education of Polk County, to compel the board to pay an alleged debt for services rendered as a teacher in the Fish Creek School District under employment by the trustees of that district, for which a judgment had been obtained against the trustees. The petition was so amended as to make the county superintendent of public schools a party defendant. The school district was one in which a local tax was levied to supplement the funds derived from other sources for support of the public schools. There was no treasurer of the trustees of the district, and the local tax money went into the hands of the county superintendent of public schools. The judge overruled a demurrer to the petition, and tried the case upon the pleadings. A judgment was rendered granting a mandamus absolute "against the County Board of Education" alone. It appeared from the petition that the petitioner was a licensed teacher entitled to teach in the public schools of the county, but that the service was rendered under employment of the trustees of the school district, and there was no allegation that the County Board of Education had employed the petitioner or had ratified the employment made by the trustees of the district; nor was it alleged that the County Board of Edu-

---

Mandamus 38 C. J. p. 877, n. 82.

Schools and School Districts 35 Cyc. p. 1075, n. 54.

cation was a party to the judgment against the trustees of the district. Since the decision was rendered it has been held by this court that county boards of education have the exclusive power of employing teachers, and that trustees of a local school district, are not authorized to employ teachers. *Orr* v. *Riley,* 160 *Ga.* 480 (2, 3) (128 S. E. 669). As the employment was not by the County Board of Education or ratified by that body, and the County Board of Education was not a party to the judgment against the district trustees, the petition failed to allege a cause of action for the relief sought. Consequently it was erroneous to overrule the general demurrer to the petition. All further proceedings were nugatory.

The ruling just stated renders it unnecessary to rule upon other grounds of demurrer or other questions in the case.

*Judgment reversed. All the Justices concur.*