RABINOWITZ *v.* DOUGLAS *et al.,* commissioners.

No. 7056. JUNE 13, 1929.

*E. H. Williams,* for plaintiff.

*C. A. Williams* and *Kelley & Dickerson,* for defendants.

GILBERT, J. William Rabinowitz cashed 31 vouchers issued by the county board of education of Bacon County to teachers therein for compensation. According to stipulation, he presented them for payment at the Alma State Bank, which refused payment; he also presented them to the county treasurer and to the county board of commissioners for payment, which was refused. He then brought mandamus against said commissioners, to compel them "to issue proper voucher or vouchers on the present treasurer of said county, or the person having custody of its funds, for the payment of said school claims issued, as aforesaid, by said county board of

education, provided there are sufficient county funds on hand for the payment of the same; and in case there be not sufficient funds on hand for said purpose, why they should not collect, by levy and sale, as provided by law, a fund sufficient for said purpose, and, having so collected the same, satisfy the demands of the petitioner herein." He further prayed "that if the relief prayed for can not for any lawful reason be accorded him, then in that case that his said claim be satisfied by the levy of a tax, as aforesaid, or in some other efficacious manner, in such quantities and at such times as the law permits and the court directs." His claim was $752.52 principal and $264.53 interest, and he alleged that said school vouchers covered the years 1922, 1923, and 1924, a few being for hauling pupils and one for office expenses issued to the clerk of the board of education; that the county had ample school funds to pay said vouchers when issued, but that the board of education had no funds on hand to pay them and hardly enough to operate the schools; that the Alma State Bank was in the hands of the State superintendent of banks, and none of his vouchers were listed to be paid; that the board of education acted for the county in issuing said vouchers, and the county was responsible.

The commissioners demurred generally and specially. In their general demurrer they contended that the board of education is not an agent of the county, but a distinct body responsible for its own debts, and expressly limited by law to the creation of debts within only what has been appropriated to said board for each current fiscal year, and that any debt made or order for payment of any debt made in excess of its current appropriation is wholly void; that there is no lawful warrant for the commissioners to levy any tax for educational purposes or to pay educational debts in excess of five mills on the dollar; that the petition failed to allege that defendants had been asked to levy any additional tax, or that an election for any additional tax had been asked; that the petition showed that the debts were accumulated debts for which the law did not provide any tax levy. The court sustained this demurrer and dismissed the petition; and the petitioner excepted.

The court did not err in sustaining the demurrer. Article 8, section 4, paragraph 1, of the constitution of Georgia, as amended in 1919 (Ga. L. 1919, p. 66), invests county boards of education with power and authority to recommend to the commissioners of roads

and revenues a tax of not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, and such recommendation is mandatory. *Smith* v. *Board,* 153 *Ga.* 758 (113 S. E. 147). Other than the duty imposed upon commissioners of roads and revenues by the provision of the constitution cited above, they are not made responsible to boards of education, and are not bound by contracts made by boards of education, and they can not be required by mandamus to issue a voucher for the payment of obligations incurred by such boards, or to otherwise make payment. *Board* v. *Hunt,* 159 *Ga.* 749, 754 (126 S. E. 789).

*Judgment affirmed. All the Justices concur.*