## GREEN *v.* SNELLVILLE CONSOLIDATED SCHOOL DISTRICT *et al.*

No. 7039. JANUARY 14, 1930.

*W. L. Nix,* for plaintiff. *John I. Kelley,* for defendants.

RUSSELL, C. J. Green brought a suit against the Snellville Consolidated School District and the trustees thereof, seeking to recover judgment for his salary as superintendent and teacher in said schools for the scholastic year 1923-24. Demurrers both general and special were filed. The judge of the superior court sustained them and dismissed the petition. The case was carried by bill of exceptions to the Court of Appeals, and the judgment of the trial court was affirmed. It is now before this court on writ of certiorari.

The most important question in the case is whether a teacher in the public schools of the State, who has performed his duties as

such teacher, can recover compensation for his services, even if faithfully performed and accepted by the school authorities until the completion of his services, in the absence of a contract in writing with the county board of education. Another question raised and insisted upon by counsel for the petitioner in certiorari is whether, in the absence of a written contract between the public-school teacher and the county board of education, such teacher who has performed services of value may be entitled to recover compensation therefor by reason of the fact that the county board of education has ratified the original contract which has been fully performed by the teacher. It is alleged in the petition as amended, that, while no contract in writing was entered into by the petitioner and the county board of education, the petitioner entered upon the duties of his employment with the full knowledge and consent of the board of education, and that he had fully complied with and completed said contract, teaching the entire scholastic year of 1923-24, which was well known by said board of education and was fully ratified and confirmed by them. Not only so, but the board of education had actually paid over to the trustees of said school district all State funds received by them for and on account of petitioner's salary and all other funds received by them for that purpose, for the specific purpose of having the trustees to pay it over to petitioner for and on account of the amount due him as salary.

In *Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669), we held that "Contracts between county boards of education and teachers in the schools under their supervision must be in writing," and that "The county boards of education have the exclusive power and right to employ teachers to serve in the schools under their jurisdiction," and that "The trustees of a local school district, where the county board of education fails to act, are not authorized to employ teachers, although such employment is authorized by the county school superintendent; neither the trustees nor such superintendent having authority to employ teachers." These rulings express the opinion of the entire membership of this court, and therefore there is no doubt as to the answer to the first question. In *Board of Education of Polk County* v. *Hackney,* 161 *Ga.* 637 (131 S. E. 358), the ruling was: "A petition for mandamus to require a county board of education to pay an alleged debt for services

rendered by a licensed teacher in a school district under employment by the trustees of that district, for which debt a judgment had been obtained against those trustees, *held* subject to general demurrer for failure to allege a cause of action." So it appears that even though the petitioner for certiorari in this case had been permitted to proceed to trial on the action against the trustees now under consideration, and had obtained a judgment, his suit would have been fruitless.

But it is strenuously insisted that the allegations of the petition authorize a finding that the county board of education had ratified the oral contract made between the trustees of the district school and the teacher. The question as to whether the explicit ruling in *Orr* v. *Riley,* supra, to the effect that all contracts for the employment of teachers must be made with the boards of education and be in writing, can be modified or affected in cases where a teacher performs his services with the knowledge of the county board of education and every individual composing it, and where each of them knew the terms of the contract, thus showing such ratification as to be a sufficient substitute for the written contract required by law, is not now before us for adjudication. In the trial court the defendants filed a special demurrer attacking the fourth paragraph of the petition, where it was alleged "that the board of education of said county was fully aware of said contract, and they ratified and confirmed the same and continued to do so until the termination of his said contract of employment; and there has been such part performance on the part of petitioner as would be a fraud on him and he would be defrauded should said contract be declared to be null and void." The demurrer was upon the ground that these allegations were mere conclusions of the pleader and set forth no sufficient facts upon which to base the same. We are satisfied that the court did not err in sustaining this demurrer. The statement that the board of education ratified and confirmed the contract and continued to do so until its completion sets forth no act which would indicate a ratification, if such ratification be possible in view of the language of the law applicable to such a contract as here involved. So we are satisfied that the trial judge did not err in his ruling, and that the Court of Appeals properly affirmed the judgment.

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurs in the result, but is of the opinion that the proper disposition would be to dismiss the writ of certiorari on the ground that it was improvidently granted.