22213.  DODD *v.* BOARD OF EDUCATION OF FORSYTH COUNTY.

STEPHENS, J.  1. . No contract made by a county board of education for the employment of a teacher to serve in the schools under the jurisdiction of the board is legal or possesses any validity, where it is not in writing.  *Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669); Ga. L. 1872, p. 64; Michie's Code (1926), § 1551(94-1/2).  Since a county board of education is a political body and has no power other than that conferred by statutory authority, no contract made by the board, which is illegal and invalid because it is not in writing as required by the statute, is, as provided in section 3223 of the Civil Code of 1910 relative to exceptions to the application of the statute of frauds, enforceable against the board, notwithstanding a part performance of the contract by the opposite party thereto.  See, in this connection, *Jones* v. *Bank of Cumming,* 131 *Ga.* 191 (62 S. E. 68).

2. In a suit against a county board of education to recover damages for a breach by the defendant of a contract of employment of the plaintiff to teach in the schools, arising out of a discharge of the plaintiff by the defendant before the expiration of the term, where it appeared conclusively, from undisputed evidence, that the alleged contract was not in writing, although the plaintiff had partly performed the contract, the court did not err in granting a nonsuit.

> *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*
>
> DECIDED JANUARY 7, 1933.

*J. P. Brooke,* for plaintiff.  *A. B. Tollison,* for defendant.