WILLIAMS *et al. v.* BOARD OF EDUCATION OF GWINNETT COUNTY *et al.*

No. 10492.   January 16, 1935.

*R. F. Duncan* and *Pemberton & W. J. Cooley*, for plaintiffs. *Marvin A. Allison* and *Hope D. Stark*, for defendants.

Gilbert, Justice.   The Code of 1933, § 88-201, creates "County Boards of Health." That section specifies how the board is to be composed, the number of members, and that the "county boards of health shall have supervision over all matters relating to health and sanitation in their respective counties, with authority to declare and enforce quarantine therein, subject to the provisions of this law." Section 88-202, provides: "Said county boards of health shall hold their regular sessions on the first Thursdays of January, April, July, and October in the county court-house, and may also meet in extra session at any time for county health purposes or when an emergency or necessity may require." It further provides per diem for attendance. Section 88-203 provides: "The county boards of health of the several counties shall have full power and authority to adopt, enact, establish, and maintain all such rules and

regulations, not inconsistent with the laws and constitution of this State and of the United States, as they may deem necessary and proper for protecting the health of their respective counties, and for preventing the introduction, generation, and spread of infectious and contagious diseases therein: Provided that such rules and regulations shall not apply to any incorporated city or town." Section 88-204 authorizes amendments to or repeal of such rules and regulations as they may deem necessary and proper. Section 88-205 provides: "Such rules and regulations as may be established for any county, under the provisions of chapters 88-2 and 88-3, and any amendments or alterations thereof, before the same shall have the force of law, shall have the written approval of not less than three reputable physicians of the county, and shall be posted at the court-house door of the county and also published at least once in the newspaper of the county in which the sheriff's notices are advertised."

1. An examination of the entire statute creating the "County Boards of Health" and specifying their powers and authority, now contained in the Code of 1933, chapter 88, discloses that such board has no power to employ a county nurse. Under the facts of this case the board did not employ a county nurse. The nurse was employed by the county board of commissioners of roads and revenues. It is admitted that there was no compliance with the requirement of the statute as to making and publishing rules and regulations. It is insisted by the defendants that compliance therewith is discretionary. The contrary construction seems to be demanded by the words of the statute, that compliance is necessary "before the same shall have the force of law." Inasmuch as this involves the expenditure of public funds which must be raised by taxation, the loose construction for which the defendants contend is not authorized. The accepted and safer construction of such statutes is to require full compliance with their express provisions. For that reason the county board of health was not authorized and empowered to negotiate with the county board of commissioners of roads and revenues, as was done in this case, for the employment of a county nurse.

2. The minutes of the board of commissioners of roads and revenues of Gwinnett County show: "August 7, 1933. Miss Clara Bradley was employed this date as county nurse. County to pay

$35.00 as part of her salary, and county board of education to pay part of her salary." This and the further evidence that the amount named was a *monthly* salary, and that the same monthly payment was agreed to be made by the county board of education is undisputed; and a finding accordingly was demanded.

3. The county board of commissioners of roads and revenues is not authorized to pay from the county treasury the salary of a county nurse, based upon the recommendation of the county board of health, until the county board of health has fully complied with the requirements of the statute authorizing them to act; nor is the board of commissioners of roads and revenues authorized to employ a teacher in the public schools for whose services payment must be made from the public-school funds. *Orr* v. *Riley*, 160 *Ga.* 480 (128 S. E. 669); *Green* v. *Snellville Consolidated School District*, 169 *Ga.* 667 (151 S. E. 479). It is not contended that the board of education employed a county nurse as a teacher; so it is not necessary to consider whether or not the nurse could be paid if employed as required by law by the county board of education as a teacher. The undisputed minutes of the county board of commissioners of roads and revenues clearly show that she was employed as a county nurse. Under the law and the facts of this case the court erred in refusing to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*