HILL *et al. v.* CONNER *et al.,* trustees.

No. 11127. DECEMBER 11, 1935.

*Guy D. Jackson* and *H. McWhorter,* for plaintiffs.

*W. A. Woolen* and *A. Russell Ross,* for defendants.

GILBERT, Justice. Mr. and Mrs. Troy Hill filed a petition for mandamus against M. W. Harrell as superintendent of schools of Dodge County, and Hart Conner and others as local trustees of Sand Grove Consolidated School District, a local-tax school district, which petition as amended alleged that the defendant trustees were liable to petitioners in specified sums for services rendered as teachers in said school for specified years; that such amounts represented additional salaries which the local trustees contracted to pay petitioners out of funds received from the county board of education, and which the latter was to obtain from the State treasury under the provisions of the Code of 1933, § 32-918; that the contract, though not in writing, was made and ratified by the county board of education and the county superintendent of schools; that, petitioners not having been paid by the State, the local trustees executed and delivered to them a note, signed by them as trustees for the Sand Grove Consolidated School District, for the balance due of $281.85; that the note was past due and unpaid; that under the act of 1935 (Ga. Laws 1935, p. 1) certain funds had been diverted from the State Highway Department for the purpose of paying past-due appropriations to the schools of the State; that there had been paid over to Harrell, as superintendent of schools of Dodge County, certain past-due appropriations; and that he had on hand sufficient money out of which the balance due petitioners under their contract with the trustees might be paid. The defendants filed general and special demurrers. The court sustained the general demurrer, and the petitioners excepted.

1. Under the Code of 1933, § 32-913, and the ruling in *Green* v. *Snellville Consolidated School District,* 169 *Ga.* 667 (151 S. E. 479), the right and power of county boards of education to employ

teachers in schools under their jurisdiction is exclusive, and all contracts under which teachers are to be paid from county educational funds must be in writing.

2. The local trustees of a consolidated school district, where schools have been consolidated under the provisions of the Code of 1933, § 32-917, have no authority to make a contract with a teacher for services to be paid for out of county educational funds.

3. The Code of 1933, § 32-918, provides for an annual appropriation for a consolidated school, and the act of 1935 (Ga. Laws 1935, p. 1) provides for payment into the State treasury of certain funds from the State Highway Department for the purpose, among others, of paying past-due appropriations to consolidated schools, in order to pay past-due salaries to teachers in such schools; but neither authorizes the trustees thereof to make contracts with teachers nor ratifies any contracts made by such trustees with teachers in such schools nor provides for payment of teachers under contracts illegally made by such trustees.

4. The court did not err in sustaining the demurrer to the petition, which sought to recover from the trustees of the consolidated school district a certain sum alleged to be due petitioners as additional salaries.

*Judgment affirmed. All the Justices concur.*