## JONES *et al. v.* ELLIS *et al.*

No. 11244.  APRIL 21, 1936.

*C. A. Williams,* for plaintiffs in error.

*T. J. Townsend* and *A. J. Tuten,* contra.

GILBERT, Justice. ■ Bacon High School district is a local school district wherein a tax is levied as provided in the Code of 1933, § 32-1113. The school district brought mandamus to compel the county board of education and the county school superintendent to pay to the secretary and treasurer of the board of trustees of such school district its proportionate share of State educational funds received by the board. The suit does not involve funds derived from taxation in the county or in the local school district. Art. 8, sec. 4, par. 1, of the Constitution of Georgia, Code of 1933, § 2-6901, provides: "Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation." It also designates what the county boards of education shall do with the school funds coming into their hands. It is there provided that such funds "shall be distributed equitably according to the school population, tax values, the number of teachers and their grade of license, among the public schools therein." Pursuant to that constitutional authority the General Assembly provided that "on the first day of each month the county superintendent of schools of each county shall, under the approval of the county board of education," transmit to the proper State authorities an itemized statement showing the various amounts due and not paid by the county board of education. When that statement is approved, and the proper requirements fulfilled, the State Treasurer shall pay over to the county superintendent of schools through the State superintendent the amounts due to such county. The county superintendent of schools then "shall promptly disburse the money so received in payment of the sums set out in the itemized statement aforesaid." Code of 1933, § 32-920. The next section, 32-921, confers power upon the county boards of education to borrow money when necessary for the operation of the public schools of

their respective counties. § 32-913 provides that "The county boards of education are empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for said service shall be in writing," etc. That section has been construed to mean that "the right and power of county boards of education to employ the teachers in schools under their jurisdiction is exclusive." *Green* v. *Snellville Consolidated School Dist.*, 169 *Ga.* 667 (151 S. E. 479) ; *Hill* v. *Conner*, 181 *Ga.* 516 (182 S. E. 911). So, the right and power of the county boards of education and the county superintendents of education to operate the schools of the counties and to make contracts of employment with teachers is settled by the constitution and laws of this State as construed by this court. The General Assembly also provided for election of trustees and for merging school districts, etc., and provision is made for the creation of the office of Secretary and Treasurer of the Board of Trustees for such local school districts and for levying a local tax. In § 32-1105 it is provided that such officer "shall keep an accurate account of moneys received and paid out," etc. It is further provided that such officer shall make a proper bond, to be approved by the county board of education, and that on failure to make such bond all the funds arising from local taxation or otherwise shall be paid over to the county board of education to be disbursed by that body. The General Assembly further provided: "In those districts which levy a local tax for educational purposes, the board of trustees shall make all rules and regulations to govern the schools of the districts, and build and equip schoolhouses under the approval of the county board of education," etc. § 32-1113. As to the duties and powers of the board of trustees of the local school district and the secretary and treasurer thereof, it is further provided that the board of trustees shall fix the salaries of the teachers; also that "they shall receive from the county board of education the share of public-school funds apportioned to the district by the county board of education." § 32-1119 fixes the remuneration of the secretary and treasurer, and provides that "there shall be no commission allowed on the amount received from the State." § 32-1120 provides that the bond of the secretary and treasurer of the local school district shall be determined by the county board of education, which amount may be increased in the discretion of the board. § 32-1132 empowers the board of trustees

to borrow money under circumstances named and for the purpose of paying teachers for the current year. It is extremely desirable to find a solution of the question that will cause the least complications and difficulties in the operation of the school system. It must be assumed that the General Assembly intended such a plan. As we construe the school laws, the several provisions bearing on this subject, we deduce the following: Properly construed, the intention of the General Assembly was that when school funds are received by the county authorities from the State, they are to be apportioned and distributed (paid) to and received by the treasurer of the board of trustees of the school district, when and if the treasurer has made the bond provided by law. Teachers must enter into written contracts with the county boards of education, the amount of their salaries being fixed by such boards of trustees of the respective school districts. This construction of the law is not inconsistent with the plan requiring the county board of education to make all contracts with the teachers, and furthermore it is consistent with the general supervisory and controlling powers placed in the county board of education for the whole county. The written contracts made by them with the teachers insure a complete record for the entire county, to be retained in one official body, viz., the county board, to whom such information is absolutely essential for the purpose of requisitions by them on the State for the total amount of the funds due the county. Nor does this construction deprive county boards of education of their general supervisory power over all schools of the county. In this view we hold that the court did not err in overruling the general demurrer to the petition.

■ The plaintiffs in error complain that the court erred in sustaining the plaintiffs' demurrer to a portion of the defendants' answer and exhibit C attached thereto, and in ruling out evidence to sustain that portion of the answer. This raises a question as to the admissibility of a resolution of the county board of education adopted subsequently to the filing of the suit, wherein the county board of education resolved that the one thousand dollar bond previously given by the secretary and treasurer of the school district was insufficient in law, and requiring the said officer to increase the bond to the amount of $9510. The Code of 1933, § 32-1120, authorizes the county board of education, in its discretion, to

increase the amount of the bond of the secretary and treasurer. The authorities cited by the defendants in error on this question are not applicable. The power exercised here was under a statute existing at the time when the term of the secretary and treasurer began, and is not a law which impairs the obligation of a contract or acts retroactively. It does not fall into the category of a bill of attainder, ex post facto law or retroactive law, which is inhibited by the constitution. It does not create new obligations or impose new duties with respect to transactions or considerations already past, as dealt with in *Ross* v. *Lettice,* 134 *Ga.* 866, 868 (68 S. E. 734, 137 Am. St. R. 281), cited by the defendants in error. There are no issues of fact. The Code of 1933, § 24-3901 (2), empowers this court to make a "final disposition of the cause." The court deems it proper to exercise that power in the present case and thus afford the department of education the benefit of a settled rule at the earliest possible date. It is, therefore, ordered that the judgment of the trial court be affirmed with direction that, on the remittitur of this court being made the judgment of the trial court, an order be issued requiring the funds in question to be paid to the secretary and treasurer of the school district upon satisfactory showing to the county board of education that said secretary and treasurer has complied with the Code of 1933, § 32-1120, as to giving bond.

*Judgment affirmed, with direction. All the Justices concur.*