GARD *v.* BOARD OF EDUCATION OF HART COUNTY *et al.*

No. 11049. JULY 23, 1936.

*L. P. Webb* and *Marshall L. Allison,* for plaintiff.

*J. H. & Emmett Skelton* and *Carey Skelton,* for defendants.

HUTCHESON, Justice. Guy T. Gard brought his petition for mandamus against the Board of Education of Hart County, and

T. B. Whitworth, Hoyt Denny, B. C. Teasley, Mark Warren, and J. T. Williams as members of said board, and B. B. Mason as county school superintendent, alleging substantially as follows: The board of education is indebted to petitioner in the sum of $688 which is due and unpaid, said sum being the balance due petitioner for salary as teacher of vocational education in the Shoal Creek School district school in said county, under three certain contracts. The contract entered into in 1931 certified "that the Board of Education of Hart County and the Board of Trustees of Shoal Creek School District has entered into a contract with G. T. Gard to teach vocational agriculture in the Shoal Creek school. The salary of this teacher . . is to be paid monthly by said board." This contract was signed by the board of education, the board of trustees of the school district, and petitioner. At the left bottom opposite the signatures appeared the following: "Source of funds: Co. Board of Education and Vocational Board $2100. Shoal Creek School $300." The contract entered into in 1932 recited "that the Board of Education of Hart County has entered into a contract with" petitioner. It was signed by the board of education, the board of trustees of the school district, and petitioner, and to the left of the signatures appeared the following: "Source of funds: State Board—$1093.50. County Board—$567. Local Board—$283.50." In other respects the contract was the same. The contract entered into in 1933 was the same as that of 1932, except that the signature of the board of trustees of the school district did not appear. The petitioner alleged that he had fully performed his services under the contracts; that all the sums due him under the contracts have been paid, except $688; that under the act of the General Assembly approved Feb. 1, 1935 (Ga. Laws, 1935, pp. 5, 6), the board of education has received $10,000 or other large sum sufficient to pay petitioner's claim; that after the receipt of said funds, and before the bringing of this suit, demand was made of the board of education for the payment of the sum alleged to be due, which demand was refused; that it is the legal duty of the board of education to take such steps as may be necessary to cause payment of the indebtedness to petitioner from the funds received under the act of 1935; that it is the legal duty of the county school superintendent to pay over to petitioner the amount of his claim on order of the board of education; and he prayed accordingly.

No demurrer to the petition was filed. The defendants answered, alleging substantially as follows: The alleged contracts were entered into, but the board of education obligated itself to pay only the amount designated opposite its name under "source of funds" in the contracts. All the salary due petitioner under the contracts has been paid, except that part designated under the words "source of funds" which appear opposite the name of the board of trustees of the school district or words referring to them; and the sums so designated are payable by the board of trustees of the school district, and not the board of education. At the time the contracts were entered into it was orally agreed and understood between the parties that the State Board of Vocational Education was to pay petitioner four eighths of his salary for the four years he taught at the Shoal Creek school, the State of Georgia one eighth, the Board of Education of Hart County two eighths, and the Board of Trustees of the Shoal Creek School District one eighth. The balance due under the contracts is owed by the Shoal Creek School District, and not the board of education. The board of trustees of the school district have for the past five years levied a five-mill tax with which to pay petitioner that part of his salary which the local board agreed to pay him under the contracts; the local school district held an election which resulted in favor of local taxation, and pursuant to the election a five-mill tax has been levied for school purposes in said district for the years 1929, 1930, 1931, 1932, 1933, and 1934; the tax-collector of Hart County has paid over to the secretary and treasurer of the board of trustees of the local school district large sums of money each year; said officer has received from the sheriff of Hart County from August 1, 1933, to March 6, 1935, the sum of $1030.42, the same representing tax fi. fas. for the years 1930, 1931, and 1932, and also other large sums from the tax-collector for executions for the years 1933 and 1934; the secretary and treasurer of the board of trustees of the local school district has received sufficient funds with which to pay the claim due petitioner, and his remedy is against the secretary and treasurer of the school district. The money received by the board of education under the act of 1935, supra, was not applied for to pay past-due salaries, but was only an application for the amounts due the board of education on unpaid common-school appropriations for the years 1929 and 1931, and for unpaid appropriations

due by the State to the board under the Barrett-Rogers act for the years 1930 and 1931. Pursuant to this application and pursuant to the act of 1935, the State superintendent of schools issued his check to the board of education for $10,246.47; $2220 of this fund was due to the Hartwell public schools, and was so paid; the balance remaining, $8026.47, was paid on March and April, 1935, salaries of teachers, audited, approved, and ordered paid by the board of education on April 4 and 5, 1935; and out of this sum $522.88 was paid to the secretary and treasurer of the Board of Trustees of the Shoal Creek School District. The petitioner demurred to the answer. The court overruled the demurrers, and upon the evidence refused to grant a rule absolute. The petitioner excepted.

■ In determining the sufficiency of the answer to meet the demurrers, it is first necessary to determine what are the duties of the board of education in reference to school funds received from the State under appropriations therefor, in so far as payment of the salaries of teachers of local tax districts is concerned. In *Jones* v. *Ellis,* 182 *Ga.* 380 (185 S. E. 510), this court said: "As we construe the school laws, the several provisions bearing on this subject, we deduce the following: Properly construed, the intention of the General Assembly was that when school funds are received by the county authorities from the State, they are to be apportioned and distributed (paid) to and received by the treasurer of the board of trustees of the school district. . . Teachers must enter into written contracts with the county boards of education, the amount of their salaries being fixed by such boards of trustees of the respective school districts. This construction of the law is not inconsistent with the plan requiring the county board of education to make all contracts with the teachers, and furthermore it is consistent with the general supervisory and controlling powers placed in the county board of education for the whole county. The written contracts made by them with the teachers insure a complete record for the entire county, to be retained in one official body, viz., the county board, to whom such information is absolutely essential for the purpose of requisitions by them on the State for the total amount of the funds due the county." It will thus be seen that there is no duty on the board of education to make payment directly to teachers in the local tax districts out of school funds received from the State under appropriations for school purposes.

■ While the county board of education has the exclusive right and power under the law to contract with and employ teachers in the schools of the county (*Orr* v. *Riley,* 160 *Ga.* 480, 128 S. E. 669; *Green* v. *Snellville Consolidated School Dist.,* 169 *Ga.* 667, .151 S. E. 479; *Hill* v. *Conner,* 181 *Ga.* 516, 182 S. E. 911), and teachers of vocational education (Code, § 32-2205; *Board of Education of Wilkes County* v. *Butler,* 154 *Ga.* 569, 115 S. E. 10), yet in contracting with a teacher for a local tax district the county board is merely the statutory instrumentality through which the local trustees become bound, and the duty of payment under such contract is placed by law upon the board of trustees and treasurer of the local tax district, and not on the county board.

■ It is contended, however, that in the present case the petitioner is seeking to compel payment out of a special fund paid to the county board of education under the act of 1935 (Ga. L. 1935, pp. 5, 6), and that the foregoing rulings do not apply. Section 1 of the act of 1935 provides for the diversion of two million dollars of the State highway funds into the State treasury. Section 2 provides: "That the funds arising under section one of this act shall be disbursed upon warrants of the Governor for the payment of the past-due appropriations for Confederate pensions in full, and the balance for the payment of past-due appropriations to the public-school fund and the Barrett-Rogers school fund and distributed pro rata among the counties and independent school systems as regular appropriations are paid, provided that all school boards shall use their pro rata part of said funds for the payment of past-due salaries to schoolteachers and bus-operators which have accrued prior to January 1st, 1935, before using said funds for any other purpose, and that the said amounts be paid in the order in which the original indebtedness was incurred." Section 3 provides for the disposition of any balance remaining after payment of such schoolteachers and bus-operators. It will be seen that the act provides for the payment of past-due appropriations to the school fund to the various school boards, with the proviso that the funds shall be first used for the payment of past-due salaries of teachers and bus-drivers as of January 1, 1935. This act must be construed in connection with the law of force at the time of its enactment, in reference to the disbursement by the county boards of school funds received from the State. Under this construction the

only duty on the county board of education in the present case was a duty to disburse the funds to the various local school districts, first, for the payment of any past-due salaries of teachers and bus-operators of those districts, before disbursing the funds for any other purpose. If the funds should be so disbursed, then mandamus would not lie to compel the county board to make payment directly to any teacher of the local districts, as to do so would in effect be compelling the county board to make disbursement twice for the same debt.

■ It appears from the allegations of the answer that $522.88 of the fund was paid to the treasurer of the local district in which petitioner was a teacher. The answer to this extent set forth a defense to the mandamus. Petitioner, however, would be entitled to a mandamus to compel the county board to pay to the treasurer of the local district the difference between the sum paid and the amount claimed to be due.

■ The defense that at the time the mandamus proceedings were brought all of the funds received from the State under the act of 1935, supra, had been disbursed, is without merit, under the ruling in *Mattox* v. *Board of Education of Liberty County,* 148 *Ga.* 577 (97 S. E. 532, 5 A. L. R. 568) ; *Aaron* v. *German,* 114 *Ga.* 587 (40 S. E. 713) ; *Hutcheson* v. *Manson,* 131 *Ga.* 264 (62 S. E. 189), as the answer affirmatively shows that the funds so received were disbursed illegally, in that they were paid out for other purposes without first paying past-due salaries as required under the act.

■ The levying of a local tax by the board of trustees of the local school district and the receipt of funds from taxation sufficient to pay the sum claimed by petitioner is not a good defense to the petition for mandamus to compel the county board of education to pay to the treasurer of the local school district a sufficient amount to pay said claim out of the special funds for the purpose of paying such claims as that due to petitioner.

■ Inasmuch as the answer set forth a defense to the petition to the extent of the alleged payment out of the special fund of $522.88 to the local school district, the court did not err in overruling the general demurrer to the answer as a whole. Under the foregoing principles as applied to the evidence adduced on the hearing, which evidence did not clearly show the payment of the $522.88 as alleged in the answer, and in view of the prayer of the

petition that the county board take such steps as are necessary to cause payment to be made to petitioner of his claim, which was sufficiently broad to cover an order requiring the county board to make payment to the treasurer of the local school district, the court erred in refusing to make the mandamus absolute, at least to the extent of the difference between the amount claimed by petitioner and such sums, if any, as might have appeared from the evidence to have been paid to the local school district.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*