## 26578. WHITLEY v. AMERICAN SURETY COMPANY OF NEW YORK.

DECIDED MARCH 17, 1938.   REHEARING DENIED MARCH 31, 1938.

*McCullar & McCullar,* for plaintiff.

*Martin, Martin & Snow,* for defendant.

STEPHENS, P. J.  J. B. Whitley brought suit in the superior court of Baldwin County, against American Surety Company of New York, to recover for an alleged breach of a bond executed by the defendant for the faithful performance by J. T. Altman, as county superintendent of schools for the County of Bacon, of the duties required of him by virtue of the office.  The alleged breach was that the said Altman, in making to the State Board of Education the county and State school budget required by law, failed to faithfully discharge the duties of his office by omitting to place in the budget the name of the plaintiff as a school-teacher in the school system of Bacon County during the month of March, 1932, and the amount of salary due the plaintiff for that month.  It is alleged that because of such failure of Altman, the county superintendent of schools, to place the plaintiff's name in the budget and the amount of salary due the plaintiff for March, 1932, a draft for the payment of the plaintiff's salary as school-teacher for that month which Altman had issued to him on July 12, 1932, afterwards was not paid, and that the plaintiff was therefore damaged in the amount of his unpaid salary for the month of March, 1932, namely $55.20.  The petition does not allege that the plaintiff was employed to teach in the county school system.  It alleges

merely that the plaintiff "taught in the public school of Bacon County, Georgia, under Altman's supervision during the month of March, 1932, and that by reason of said services that it was the duty of Altman to place his name and the amount of salary due him upon said budget in order for him to be legally paid for said services." Other than this the petition does not allege any contract by the Bacon County school authorities, or any one, with the plaintiff for his services as teacher in the public schools of Bacon County. The petition does not allege that there was any contract in writing. To the judgment of the court, sustaining a general demurrer to the petition, the plaintiff excepted.

Whatever duty, if there be any, which rests upon a county superintendent of schools to make a budget, is contained in Code, §§ 32-945 and 32-946, which are codified from the act of 1925. (Ga. L. 1925, p. 135.) It is in these Code sections provided: "Each county and independent public-school system receiving funds from the State shall annually, through its executive officer, make out and submit to the State Board of Education an estimated budget of its receipts from all sources and its proposed expenditures for the next year, according to blank forms to be prescribed and furnished by the State Board of Education, . . and the filing of such estimated budgets shall be made before the State Superintendent of Schools may transmit to such public-school systems any of the State school funds for the year for which such budget is made," and "The budgets provided for in this law shall be so made out as to properly systematize and classify the estimated receipts and proposed expenditures for the year, showing whether estimated receipts will be from the State, from the county, the district, the city, donations, bonds, or from other sources; and the estimated expenditures shall definitely set up amounts to be expended for 'administrative expenses,' 'instruction,' 'operating expenses,' 'maintenance,' 'buildings,' 'equipment,' 'debts,' or such other classifications as the State Board of Education may prescribe." The executive officer is required to make out and submit to the State Board of Education an *"estimated"* budget of receipts and *"proposed* expenditures for the next year," and that "the estimated expenditures shall definitely set up amounts to be expended for 'administrative expenses,' 'instruction,' 'operating expenses,' 'maintenance,' 'buildings,' 'equipment,' 'debts,' or such

other classifications as the State Board of Education may prescribe." The budget must be made out and submitted "according to blank forms to be prescribed and furnished by the State Board of Education." So far as appears from the terms of the act, the executive officer making out and submitting the budget may comply with the act by setting out generally the amount needed for each classified purpose, and may set out the amount needed for the purpose of instruction without specifically referring to a schoolteacher by name or specifically naming the amount of money necessary to pay his salary. Since the act provides that the required budget shall show estimated receipts and proposed expenditures for instruction and various other classifications for the *next* year, the budget could be made and submitted in accordance with the terms of the act before the consummation of a contract with a specific teacher for the ensuing year, and without knowledge at the time by the county superintendent of schools of the identities of the teachers to be employed. The act does not specifically require as essential to the completion of the budget that it contain the name of any of the school-teachers to be employed for the ensuing year or the specific amount due each teacher. It might be the duty of the county superintendent of schools to put such specific information in the budget if it is required in the blank forms prescribed and furnished by the State Board of Education. The forms could prescribe that the budget should contain the number of teachers to be employed for the ensuing year, and the specific amount of salary to be paid each teacher, and also the name of each teacher if known in advance by reason of contracts having already been made by the local school authorities with teachers for the next year. The petition fails to allege that the State Board of Education had prescribed or furnished any blank forms requiring that such detailed information be placed in the budget. It therefore does not appear that the specific amount of salary due to a particular schoolteacher or his name was by law required to be placed in the budget. In so far as it appears, the law would have been complied with if the budget had contained an estimated amount needed for payment of all the teachers without specifically naming a specific amount for any of the teachers by name. The petition does not deny that the superintendent prepared and furnished such a budget.

The act provides that the required budget shall show the pro-

posed expenditure for "instruction" and other classifications for the *next* year. The plaintiff can complain only of an act of the county superintendent of schools as respects the preparation of a budget which was made before the performance by the plaintiff of services as a school-teacher. It does not appear from the petition that the plaintiff had been employed, or that his employment was in contemplation, when the budget, which must have been made for the ensuing year, was prepared and submitted. There is therefore alleged no violation on the part of the superintendent to perform the duties of his office because he failed to include in his budget the amount specifically due the plaintiff by name for his services as school-teacher.

The petition does not allege that the plaintiff was employed by the local county school authorities. It simply alleges that he "taught in" the public school system of Bacon County during the month of March, 1932. The petition fails to allege a contract by the school authorities with the plaintiff. It certainly fails to allege a written contract between the school authorities and the plaintiff. Such contract, to be valid, must be in writing. *Green* v. *Snellville Consolidated School District*, 169 *Ga.* 667 (151 S. E. 479); *Dodd* v. *Board of Education*, 46 *Ga. App.* 235 (167 S. E. 319).

The petition fails to show that a duty rested on the county superintendent of schools to include in the estimated budget any amount to be paid to the plaintiff as salary for his services as a school-teacher. The petition fails to set out a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*