CARTER *et al.,* trustees, *v.* JOHNSON *et al.*

No. 12189.   MAY 12, 1938.

*Wade H. Watson,* for plaintiffs in error.   *C. A. Williams,* contra.

BELL, Justice.   Rockingham High School District is a local tax district situated in Bacon County, Georgia.   In August, 1937, the

local trustees selected teachers for the term beginning in the following September. The selection made by the trustees appears to have had the approval of the county superintendent of schools, but not of the county board of education. After the school had been in operation for a week, some question arose as to whether the teachers had been lawfully employed. The board of education "then and there called to the attention of said board of trustees that the exclusive authority to employ teachers for all the schools of said county was vested by law in this board of education, and this board then and there requested said board of trustees to comply with the law and recommend to this board of education a list of teachers for said Rockingham High School." (Resolution of September 25, referring to resolution of September 18.) A report was made by the trustees to the county board of education on September 27, 1937, and included a list of the various teachers selected by the trustees. On October 5, the county board passed a resolution in which they treated the action of the trustees as a recommendation, and resolved to employ all except two of the "said named teachers" who had been named by the trustees as superintendent and principal respectively. The trustees, however, retained these two teachers along with the others, contending that the action taken by them with the approval of the county superintendent satisfied the legal requirements, and that employment by the county board was not only unnecessary, but that the latter board had no authority to reject the names of those who had been chosen by the trustees as superintendent and principal. Subsequently J. A. Johnson and others, who were "taxpayers and patrons of the Rockingham High School District," filed a suit against F. M. Carter and others, who constituted the district board of trustees, praying for an injunction to restrain the defendants from using any of the local funds for the purpose of paying the salary of either of the teachers who had not been employed by the county board. The defendants filed an answer, and the case was thereafter heard on application for an interlocutory injunction. The court granted the injunction as prayed, and the trustees excepted.

■ It has been held that the right and power of county boards of education to employ the teachers in schools under their jurisdiction is exclusive. *Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669); *Green* v. *Snellville Consolidated School District,* 169 *Ga.* 667

(supra); *Hill* v. *Conner,* 181 *Ga.* 516 (182 S. E. 911). The rule applies to schools in local tax districts, which are under the jurisdiction of the county board. *Peak* v. *Board of Education of Cuthbert,* 177 *Ga.* 476 (170 S. E. 488); *Jones* v. *Ellis,* 182 *Ga.* 380 (185 S. E. 510); *Gard* v. *Board of Education of Hart County,* 183 *Ga.* 82 (187 S. E. 109). It is insisted that the law as interpreted in these decisions has been changed by the act approved February 10, 1937. Ga. L. 1937, p. 882. Section 3 of that act is in part as follows: "For the purpose of this act, the several counties of the State, and the various independent school systems established by law, shall be the local units of administration. In the local units of administration, the several teachers and principals shall be elected by the boards of education on the recommendation of the respective superintendents; provided that principals and teachers in local tax districts, not operated as independent systems, shall be recommended by the board of trustees of such school district and by the county superintendent. The superintendents and the boards of education of the respective local units referred to shall execute the provisions of this act under such rules and regulations as may be adopted by the State Board of Education." This section refers to "local units of administration" as (a) "the several counties of the State," and (b) "the various independent school systems established by law." It also refers to "local tax districts, not operated as independent systems." By express provision, the principals and teachers in these districts "shall be recommended by the board of trustees . . and by the county superintendent." It is thus seen that section 3 does not convert a local tax district into an independent system, nor does it provide for the employment of teachers by the local trustees. It provides only for *recommendation.* Section 10 provides: "The board of education of any local unit of administration, as defined by this act, or the board of trustees of any local school district, may operate the schools of such county, or city, or school district, for a longer period than seven months during any school year, or may in its discretion supplement the State schedule of salaries, and employ additional teachers not provided for in this act." It is insisted that under this provision as to employing "additional teachers," the action of the trustees was all that was necessary. In the first place, it does not appear that these teachers

170

were selected by the trustees as "additional teachers not provided for in this act;" and, secondly, this language must be construed in harmony with the existing law, there being no such inconsistency as to result in a repeal by implication. In *Green* v. *Snellville Consolidated School District,* supra, it was held that although in local tax districts "the trustees can make recommendations to the county board and fix the salaries of the teachers, and in other districts may recommend applicants, still in neither case can school trustees employ teachers and make contracts with them for services." It was further held: "All contracts between the county boards of education and teachers in the schools under their supervision must be in writing." This and similar decisions were based upon the law as now contained in the Code, § 32-913, to wit: "The county boards of education are empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for said service shall be in writing, signed in duplicate by the teacher on his own behalf, and by the county superintendent of schools on behalf of the board." It appears that in passing the act of 1937 the General Assembly was in a repealing state of mind, as note section 18, in which no less than sixteen sections of the Code relating to school law were expressly repealed. Repeals by implication are not favored; and in view of the many express repeals, in which section 32-913 was not mentioned, it is quite plain that the legislature intended that this section should be retained.

The defendants testified by affidavits, that during the two previous years they were permitted by the county board to employ the teachers for the Rockingham school district, and that they had no notice or information that any other rule would be followed in the selection of teachers for the term beginning in the fall of 1937. The defendants rely also upon the fact that the county school superintendent dealt with these teachers as if they had been lawfully employed, in furnishing them with supplies before the school opened and in recognizing their authority as teachers for a period of one week before any question was raised by the county board. None of these facts constituted a defense to the suit for an injunction. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code, § 89-903.

It is insisted that the teachers were as a matter of law fit and qualified, and, such being the case, that it was the duty of the board to follow the recommendation as made by the trustees. It is true that the record fails to show any lack of qualification on the part of these teachers, but it does not follow that the board of education must adopt the recommendation of the trustees. Local tax districts are not independent school systems. The schools in them are supported only in part by local taxation. They are still under the jurisdiction of the county boards, who alone are given the power to employ teachers. As a matter of comity, the county boards will doubtless follow the recommendations of the trustees in most instances. The law, however, does not in any case compel them to do so.

It is further contended that the court erred in granting an injunction, for the reason that the defendants denied that they "had any intention of paying out any funds illegally to said two teachers." Under the record and the evidence, the judge was authorized to find against this contention.

The plaintiffs in error have made no contention that the judgment granting an injunction was erroneous in part, in that, regardless of other questions, the teachers should be paid for services rendered by them before the board of education actually determined not to employ them, but the judgment is attacked as a whole for the reasons hereinbefore indicated. The judgment is not erroneous for any of the reasons urged, and no decision or intimation will be here made upon other questions. As to the right of the taxpayers to maintain the action, see *Manly Building Co.* v. *Newton,* 114 *Ga.* 245 (4) (40 S. E. 274); *Henry* v. *Means,* 137 *Ga.* 153 (2) (72 S. E. 1021); *Dancer* v. *Shingler,* 147 *Ga.* 82 (2) (92 S. E. 935); *Brown* v. *Taunton,* 169 *Ga.* 240 (150 S. E. 206).

*Judgment affirmed. All the Justices concur.*