SAXON *et al. v.* BELL.

No. 15691. FEBRUARY 5, 1947.

*J. T. Sisk,* for plaintiffs. *Raymonde Stapleton,* for defendant.
WYATT, Justice. The sole question here to be determined is, did

the adoption of the Constitution of 1945 abolish the office of county school superintendent then existing, so that the incumbent then in office could not hold the office until his successor is elected and qualified to hold the constitutional office provided for in the Constitution of 1945?

Before the adoption of the Constitution of 1945, the office of county school superintendent was a statutory one, the law providing: "All county superintendents of schools shall be elected by the qualified voters of their respective counties quadrennially on Tuesday after the first Monday in November, for terms of four years beginning on the first day of January following the day of election. Each shall hold office until his successor is elected and qualified." Code, § 32-1002. It follows that, under the terms of the statute, Bell was elected for the years 1945, 1946, 1947, and 1948, and until his successor is elected and qualified.

The Constitution of 1945 (article 8, section 6, paragraph 1) provides: "There shall be a County School Superintendent, who shall be the executive officer of the County Board of Education. He shall be elected by the people and his term of office shall be for four years and run concurrently with other county officers. The qualifications and the salary of the County School Superintendent shall be fixed by law." Ga. L. 1945, p. 80.

Article 12, section 1, paragraph 6 of the Constitution of 1945 provides:. "The officers of the Government now existing shall continue in the exercise of their several functions until their successors are duly elected or appointed and qualified. But nothing herein is to apply to any officer, whose office may be abolished by this Constitution." Ga. L. 1945, p. 86.

As pointed out by this Court in *Wheeler* v. *Fargo Consolidated School District,* 200 *Ga.* 323 (37 S. E. 2d, 322), the General Assembly in 1919 enacted a very comprehensive code of school laws. See Ga. L. 1919, p. 288; Code, § 32-901 et seq. This court in the *Wheeler* case, supra, said: "The Constitution of 1945 simply made constitutional the first quoted portion of the act of 1919, thereby creating a constitutional board of education for the counties, *and that is all this provision did."* It follows that the Constitution of 1945 did not purport to disturb our comprehensive code of statutory school laws other than to make the offices of county school superintendent and county boards of education constitutional rather than statutory offices.

It becomes our duty to determine from the provisions of the Constitution the status of a county school superintendent who was in office at the time of the adoption of the Constitution, and whose term had not then expired. Was his office immediately abolished, or should he hold it until a county school superintendent is elected and qualified to fill the constitutional office provided for under the terms of the Constitution of 1945? We, of course, must look to the language of the Constitution and the intention of the people when they adopted the Constitution.

Counsel for the plaintiff in error earnestly argues that, since the Constitution of 1945 in express terms provides that other State officers were continued in office until there was an election under the terms of the new Constitution, to wit, Governor, Secretary of State, Attorney General, Comptroller-General, Treasurer, Commissioner of Agriculture, Justices of the Supreme Court, Judges of the Court of Appeals, Superior Court Judges, Solicitors-General, and members of the State Board of Education, and is silent as to County School Superintendents, the intent must have been that this officer would not remain in office. We recognize the force of this argument. We think, however, that the language of article 12, section 1, paragraph 6 of the Constitution of 1945, above quoted, was intended to cover all officers of the government, and was included for the purpose of taking care of any officer who might not have been expressly named. It is argued that the last sentence of this provision of the Constitution, reading, "But nothing herein is to apply to any officer, whose office may be abolished by this Constitution," eliminates the respondent in this case for the reason that his statutory office of county school superintendent was abolished by the Constitution of 1945. We can not agree with this contention. The office of county school superintendent was not abolished. It was simply changed from a statutory office to a constitutional one. The sentence above quoted was intended to apply when the office was abolished outright. In order to sustain the contention of the plaintiffs in error, we would have to reach the conclusion that the legislature when proposing the new Constitution to the people, and the people when adopting it, intended that, immediately upon its adoption, there would not be a county school superintendent or a member of a county board of education in Georgia.

800

We do not believe this to have been the intention of either the legislature or the people.

It follows from what has been said above that there was no error in denying the prayers of the petition.

*Judgment affirmed. All the Justices concur.*