18365. TRIPP, County School Superintendent, v. MARTIN et al.

ARGUED OCTOBER 13, 1953—DECIDED JANUARY 12, 1954.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*A. R. Ross, D. D. Smith,* contra.

HEAD, Justice. The pleadings in this case present but one question for determination in this court. How are the teachers in the public schools of a county to be selected and employed?

The plaintiffs contend that the power to select and employ teachers in the public schools is vested solely in the county board of education. They rely on article 8, section 5, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-6801), which provides in part: "Authority is granted to counties to establish and maintain public schools within their limits. Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education."

In *Wheeler* v. *Board of Trustees of Fargo Consol. School Dist.,* 200 *Ga.* 323, 335 (37 S. E. 2d 322), it was pointed out that the General Assembly in 1919 (Ga. L. 1919, p. 288; Code § 32-901 et seq.) enacted a comprehensive code of school laws and provided that "each and every county shall compose one school district and shall be confided [confined?] to the control and management of a county board of education," and it was said: "The constitution of 1945 simply made constitutional the first-quoted portion of the act of 1919, thereby creating a constitutional board of education for the counties, and that is all this provision did." See also *Saxon* v. *Bell,* 201 *Ga.* 797 (41 S. E. 2d 536).

Prior to the adoption of the Constitution of 1945, it was held by this court that the authority to employ teachers (under the jurisdiction of the county boards of education) was vested solely

in the board of education. *Orr v. Riley,* 160 *Ga.* 480 (128 S. E. 669); *Board of Education of Polk County v. Hackney,* 161 *Ga.* 637 (131 S. E. 358); *Green v. Snellville Consol. School Dist.,* 169 *Ga.* 667 (151 S. E. 479); *Peak v. Board of Education of Cuthbert,* 177 *Ga.* 476 (170 S. E. 488); *Hill v. Conner,* 181 *Ga.* 516 (182 S. E. 911); *Jones v. Ellis,* 182 *Ga.* 380 (185 S. E. 510); *Gard v. Board of Education of Hart County,* 183 *Ga.* 82 (187 S. E. 109). All of the above decisions by this court were prior to the repeal of § 32-913 of the Code of 1933, as follows: "The county boards of education are empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for said service shall be in writing, signed in duplicate by the teacher on his own behalf, and by the county superintendent of schools on behalf of the board."

The writer has been unable to find any decision by this court construing section 3 of the act of 1937, approved February 10, 1937 (Ga. L. 1937, p. 882 et seq.), as it would apply to the right of the county school superintendent to recommend to the board of education the employment of teachers. Section 3 of the act of 1937 provided in part as follows: "For the purpose of this Act the several counties of the State, and the various independent school systems established by law, shall be the local units of administration. In the local units of administration, the several teachers and principals shall be elected by the boards of education on the recommendation of the respective superintendents."

This provision of the act of 1937 was referred to in *Carter v. Johnson,* 186 *Ga.* 167 (197 S. E. 258), as it related to the recommendation of teachers by the trustees of a local tax district. In the *Carter* case the local trustees did not recommend, but undertook to employ the teachers, and to continue in employment two teachers who were not approved by the county board of education. It was held that, while the act of 1937 repealed a number of Code sections, § 32-913, heretofore quoted, was not repealed, and that, accordingly, the petition of the taxpayers of a local tax district to enjoin the trustees from paying salaries to teachers who had not been employed by the county board of education was properly granted.

Subsequently to the act of 1937, providing for the recommendation of teachers by the county school superintendent (which act was in effect at the time of the adoption of the Constitution

of 1945), the General Assembly adopted an act known as the Minimum Foundation Program, approved February 25, 1949 (Ga. L. 1949, p. 1406 et seq.), wherein § 32-913 of the Code of 1933 was repealed, as was the act entitled, "An Act to equalize educational opportunities throughout the State, etc.," approved February 10, 1937 (Ga. L. 1937, p. 882 et seq.). It is provided in section 32 of the Minimum Foundation Program Act that the repeal of the act of 1937 would not have the effect of reinstating the Code sections repealed by that act, but that the Code sections repealed therein "shall remain repealed as provided in said act of 1937."

In article 12 of the Constitution of 1945 the laws of force in this State are enumerated, and in section 1, paragraph 3 (Code, Ann., § 2-8003) it is said: "All laws now of force in this State, not inconsistent with this Constitution shall remain of force until the same are modified or repealed by the General Assembly." Under this provision of the Constitution, the act approved February 10, 1937 (Ga. L. 1937, p. 882 et seq.), which act in section 4 provided for the recommendation of teachers by the county school superintendent, was of full force and effect at the time of the adoption of the Constitution of 1945.

The repeal of the act of 1937 (Ga. L. 1937, p. 882 et seq.) and the re-enactment of some of the provisions contained therein, are authorized by the Constitution, article 3, section 7, paragraph 20 (Code, Ann., § 2-1920), which provides: "The General Assembly shall have the power to make all laws consistent with this Constitution, and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State." This provision of the Constitution of 1945 is almost identical with article 3, section 7, paragraph 22 of the Constitution of 1877.

There is no provision in the paragraph of the Constitution of 1945 providing for a constitutional board of education (Constitution, article 8, section 5, paragraph 1; Code, Ann., § 2-6801), which prohibits the General Assembly from requiring that teachers employed by a county board of education shall be recommended by the county school superintendent, nor is there any prohibition elsewhere in the Constitution of 1945 which would prevent the General Assembly from enacting such requirement.

Under the foregoing provisions of the Constitution, and in

the absence of some constitutional limitation or prohibition, the general rule long of force in this State, "that the General Assembly of this State is absolutely unrestricted in its power of legislation so long as it does not undertake to enact measures prohibited by the State or Federal Constitution" (*Plumb* v. *Christie,* 103 *Ga.* 686, 694, 30 S. E. 759, 42 L. R. A. 181; *Green* v. *Harper,* 177 *Ga.* 680, 170 S. E. 872), is applicable to the act known as the Minimum Foundation Program Act, and section 4 thereof, which provides as follows: "In the local units of administration, the several teachers, principals and other school employees shall be elected by the boards of education on the recommendation of the respective superintendents. Contracts for teachers, principals and other professional personnel shall be in writing, signed in duplicate by the teacher in his own behalf, and by the superintendent of schools on behalf of the board." The language of this section, *"shall be elected by the boards of education on the recommendation of the respective superintendents,"* is mandatory and not directive. (Italics ours.) See *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147); *Rabinowitz* v. *Douglas,* 168 *Ga.* 697 (148 S. E. 740); *County Board of Education of Wilcox County* v. *Board of Commissioners of Roads and Revenues of Wilcox County,* 201 *Ga.* 815 (41 S. E. 2d 398).

Construing article 8, section 5, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-6801), with reference to schools being confined to the control and management of the county board of education, in conjunction with section 4 of the Minimum Foundation Program Act (Ga. L. 1949, p. 1406 et seq.), as they must be construed (since the General Assembly is conclusively presumed to know the provisions of the Constitution), it would be the duty of the county school superintendent to recommend to the board of education all teachers having the necessary qualifications, ability, and character. The board of education must select and employ those teachers needed from the number recommended by the county school superintendent.

The expediency of legislation is a matter for determination by the General Assembly (*Beall* v. *Beall,* 8 *Ga.* 210; *Winter* v. *Jones,* 10 *Ga.* 190, 54 Am. D. 379), and not by this court; nor will this court inquire into the motives of the General Assembly

in the enactment of legislation. *Clements* v. *Powell,* 155 *Ga.* 278 (116 S. E. 624).

The General Assembly having exercised a legislative power that is not in conflict with the Constitution, the trial court erred in making the mandamus absolute, so as to require the county school superintendent to execute contracts on behalf of the board of education with certain teachers whose employment was not recommended by the county school superintendent.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating. Candler, J., concurs specially.*

CANDLER, Justice, concurring specially. While in the selection of teachers it is the duty of the county superintendent of schools to recommend teachers and, from among those so recommended, the county board of education selects teachers, nevertheless, where the county school superintendent makes a recommendation of a person not satisfactory to the board of education, the board may decline to elect the person so recommended and require the superintendent to submit other recommendations.