39633. SALEM et al. v. TATTNALL COUNTY et al.

HILL, Chief Justice.

This is a taxpayers' suit brought against the Board of Commissioners, the Board of Education and its members in- dividually, the tax commissioner and the tax appraiser, the Board of Tax Assessors, the Board of Tax Equalization, and the Sheriff of Tattnall County, as well as against the State Revenue Commissioner. The taxpayers raised three constitutional issues, but the superior court granted summary judgment in favor of the defendant officials on all of these claims. The taxpayers appeal.

1. In their first enumeration of error, the taxpayers assert that the General Assembly had no constitutional authority to enact OCGA § 48-5-271 (Code Ann. § 91A-1413), requiring the State Revenue Commissioner to "adjust and equalize" assessments among the counties.[1] Taxpayers point out that the Constitution, 1976 Ga. Const., Art. VII, Sec. I, Par. III (Code Ann. § 2-4603), provides that "All taxation shall be uniform upon the same class of subjects within

---

[1] See generally, *Strickland v. Douglas County,* 246 Ga. 640 (272 SE2d 340) (1980).

the territorial limits of the authority levying the tax." They argue that, although the Revenue Commissioner may require uniformity of taxation within each county, the General Assembly lacks constitutional authority to authorize the Commissioner to require uniformity between the counties.

This argument misinterprets the General Assembly's authority. " 'The General Assembly of this State is absolutely unrestricted in its power of legislation so long as it does not undertake to enact measures prohibited by the State or Federal Constitution.' *Tripp v. Martin,* 210 Ga. 284, 288 (79 SE2d 521). With respect to taxes it has been stated, 'The power of the legislature to impose taxes is inherent, and is only circumscribed by the organic law.' *State of Ga. v. Western & A. R. Co.,* 136 Ga. 619, 625 (71 SE 1055). 'The right of taxation, in the legislature, is without limit, except as provided in the Constitution. It is not a power specially granted. It is assumed to exist, and is limited by special clauses.' *Burch v. Mayor &c. of Savannah,* 42 Ga. 596, 598." *Blackmon v. Golia,* 231 Ga. 381, 382 (202 SE2d 186) (1973). Thus, the General Assembly's power to tax is inherent, subject to limitations imposed by the Constitution. *Board of Commrs. v. Cooper,* 245 Ga. 251, 253 (264 SE2d 193) (1980). Requiring uniformity of taxation between counties is an aspect of the power to tax.

Therefore, the General Assembly's power to require uniformity of taxation between counties is inherent and is not prohibited by the Constitution. The delegation of such power to the Revenue Commissioner is therefore not unconstitutional.

Nor can we agree with the taxpayers that OCGA § 48-5-271 (Code Ann. § 91A-1413) is too vague and indefinite to give the Revenue Commissioner adequate direction. The procedures used by the Revenue Commissioner were approved in *Strickland v. Douglas County,* supra, and by the trial court here. Such procedures have become an integral part of the statute.

The trial court did not err in granting summary judgment to the defendants on this issue.

2. In enumeration of error two, the taxpayers seek mandamus requiring that taxes collected under the Joint County and Municipal Sales and Use Tax Act, OCGA § 48-8-80 et seq. (Code Ann. § 91A-4601 et seq.) (the local option sales tax), be used for educational purposes. OCGA § 48-8-89 (a) (Code Ann. § 91A-4608) allows this tax income to be used "for the purpose of assisting such political subdivisions in funding all or any portion of those services which are to be provided by such governing authorities pursuant to and in accordance with Article IX, Section IV, Paragraph II of the Constitution of this state." That provision of the constitution (Code Ann. § 2-6102) lists 15 authorized uses for local tax revenues, but

education is not among them. This limitation on the expenditure of local option sales taxes, therefore, is a legislative decision and the taxpayers point to no constitutional provision forbidding this limitation on the use of the taxes collected. See Division 1, above.

Instead, they argue that since there is no constitutional provision directing how tax funds are to be spent, the exclusion of education is unconstitutional as an unauthorized limitation on a *county's* power to expend tax revenue. We do not agree. The local option sales tax act was enacted for the benefit of counties and cities, not school boards, which are separate and distinct governmental bodies with a separate source of revenue. 1976 Ga. Const., Art. VIII, Sec. VII, Pars. I & II (Code Ann. §§ 2-5501, 2-5502); OCGA § 20-2-130 et seq. (Code Ann. § 32-601a et seq.); see also *McDaniel v. Thomas,* 248 Ga. 632 (II) (285 SE2d 156) (1981). There is no constitutional requirement that local option sales tax revenues be used for educational purposes. Enumeration of error two therefore presents no ground for reversal.

3. The taxpayers' third enumeration of error questions the constitutionality of OCGA § 48-5-7 (a) (Code Ann. § 91A-1019): "Taxable tangible property shall be assessed at 40 percent of its fair market value and shall be taxed on a levy made by each respective tax jurisdiction according to 40 percent of the property's fair market value." Their argument is that this act, when used to calculate educational tax assessments, conflicts with the constitutional provision limiting local taxation for education to "twenty mills per dollar ... upon the assessed value of all taxable property...." 1976 Ga. Const., Art. VIII, Sec. VII, Par. I (Code Ann. § 2-5501). Their reasoning is that the 20 mill limit originated in the 1945 Constitution and was intended to be a restriction on the amount of taxes which could be raised for education, that at that time the assessed value was at 30 percent of fair market value, and that by raising this amount to 40 percent by amending the statute, the 20 mill constitutional limit has indirectly been breached.

The defendants deny that the assessed value was ever set at 30 % of fair market value. The Revenue Commissioner points out that prior to 1968, property was assessed (or at least it was supposed to be assessed) at 100 percent of fair market value. Ga. L. 1968, p. 358; see *McLennan v. Undercofler,* 222 Ga. 302 (149 SE2d 705) (1966). Thus, the 1968 Act here challenged setting the assessed value at 40 percent of fair market value is not in conflict with the Constitution and enumeration of error three also has no merit.

The trial court did not err in granting summary judgment to the defendants.

*Judgment affirmed. All the Justices concur.*

Decided May 3, 1983.

*Richard C. Metz, Gordon B. Smith,* for appellants.
*Stubbs & Branan, M. Francis Stubbs, Dubberly & McGovern, Joseph D. McGovern, Michael J. Bowers, Attorney General, James C. Pratt, Assistant Attorney General,* for appellees.