BOARD OF EDUCATION OF CANDLER COUNTY *et al.* v. SOUTHERN MICHIGAN NATIONAL BANK etc.

No. 11774. MAY 15, 1937. ADHERED TO ON REHEARING, JULY 22, 1937.

*W. H. Lanier, E. D. Smith Jr., Harold Hirsch,* and *Marion Smith,* for plaintiffs in error.

*A. S. Bradley* and *Charles D. Russell,* contra.

RUSSELL, Chief Justice. The Southern Michigan National Bank of Coldwater instituted mandamus proceedings against the Board of Education of Candler County and certain named persons as members thereof, acting in their official capacities, and against Fred Miles as superintendent of the county schools, to compel payment of certain warrants which had been issued by the predecessor in office of Miles, pursuant to a resolution of the board of education, in settlement of certain warrants previously given for furniture and supplies furnished to the board of education by the Union School Furnishing Company. The defendants filed their demurrer and answer. The judge made no ruling

on demurrer, and there is no exception to the failure so to rule. After hearing evidence, which was submitted under agreement, the judge found that the debt represented by the warrants was valid, that the warrants were duly transferred by the school furnishing company to the plaintiff, and that neither the board of education nor the county superintendent of schools had on hand any funds with which to pay the indebtedness represented by these warrants; and it was ordered and decreed that the board of education and the members thereof recommend by resolution to the board of commissioners of roads and revenues of Candler County, the tax-levying authority thereof, for the purpose of paying such warrants, the levy of a tax upon all the taxable property of the county at the rate of one fifth of one per cent., or such rate not exceeding that per cent., as will produce sufficient funds to pay said debt. It was further decreed that the resolution be properly recorded on the minutes of the board of education, and that the superintendent of schools, as secretary of the board, properly certify the same to the board of county commissioners. The defendants excepted.

1. A county board of education is a political subdivision of the State. It is not a body corporate, with authority to sue and be sued, in the ordinary sense. It is an agency through which the county acts in school matters. *Burke* v. *Wheeler County*, 54 *Ga. App.* 81 (187 S. E. 246), and cit. However, mandamus may be maintained against the members thereof, who are public officials, to compel them to perform a legal duty, where there is no specific legal remedy provided. See *Board of Education of Long County* v. *Board of Education of Liberty County*, 173 *Ga.* 203 (3) (159 S. E. 712).

2. A contract made and indebtedness incurred by the county superintendent of schools in 1918, on behalf of the county board of education, for school supplies and furnishings, which were placed in the schoolhouses of the county and put to use by the pupils thereof, was prior to the act of 1919 (Ga. L. 1919, pp. 288, 329; Code, § 32-928), declaring that "it shall be unlawful for any board of education to make any contract involving the expenditure of funds in excess of the total appropriation for the current fiscal year. Any indebtedness created, contract made, or order or draft issued in violation thereof shall be void," and therefore is not void under such provisions, the same not being construed as being

applicable to contracts made before its passage. Code, §§ 1-128, 2-302, 102-104; *Lindsey* v. *Board of Commissioners of Colquitt County,* 169 *Ga.* 368 (150 S. E. 261).

3. School supplies and furniture are necessary to the operation of the public schools of the various counties of this State, and will be deemed school expenses, and upon proper resolution of the board of education a valid indebtedness could be incurred for the purchase thereof before the adoption of the school laws of 1919. See Acts 1910, pp. 76-78; Acts 1911, pp. 94, 103; Code of 1910, § 1548.

4. A county is liable, in a proper case, for the value of school supplies and furniture received by the board of education thereof, and used and retained by them, being applied beneficially to their authorized object as necessary school supplies, even if the contract of the board of education under which the supplies were obtained was unauthorized by law. See *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801, 807 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244) ; *City of Abbeville* v. *Eureka Fire Hose Co.,* 177 *Ga.* 204 (170 S. E. 23) ; *City of Conyers* v. *Kirk,* 78 *Ga.* 480 (3 S. E. 442) ; *Central of Ga. Ry. Co.* v. *Wright,* 35 *Ga. App.* 144, 150 (132 S. E. 449), and cit. This ruling accords with the opinions by the majority and the minority in *Board of Lights &c.* v. *Niller,* 155 *Ga.* 296 (116 S. E. 835), in which it was held in effect by the majority that no recovery could be had on an implied contract, for the reason that the alleged benefit related to "unauthorized objects."

5. While the original indebtedness was created and warrants therefor issued in 1918, in 1926 a settlement of the debt by the board of education was effected by the issuance of new warrants and the paying of $1,000 in cash to the bank, and by the board of education receiving a deduction of $1,500 from the original indebtedness thereby. In these circumstances there was a new promise to pay, not without consideration to the board of education. See Code, § 20-115, § 3-904. There was never any allocation of funds to pay the indebtedness represented by these warrants, and there was no repudiation by the board of education of the debt and warrants until its meeting in the summer of 1935. The statute of limitations would begin to run only after demand for payment or from the time when the fund out of which the

warrants can be paid is provided. *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (2) (99 S. E. 30); *City of Abbeville* v. *Eureka Fire Hose Co.,* supra. Furthermore, the leniency and forbearance of the holder of these evidences of debt against the board of education should not be taken advantage of by the board in avoiding the payment of the debt, when they have enjoyed the beneficial use of the supplies purchased, and where the failure to sooner bring action was induced by the straitened financial condition of the county board of education and by the board's importunities for further indulgence on the part of the bank. The case of *Hicks* v. *Groves,* 177 *Ga.* 574, 580 (170 S. E. 877), is distinguishable upon its facts from the present case.

6. The warrants or vouchers issued by the board of education constitute prima facie evidence that the amount represented thereby is due as the reasonable value received by the board from the application of the supplies to authorized objects. *City of Abbeville* v. *Eureka Fire Hose Co.,* supra; *Blue Island State Bank* v. *McRae,* 169 *Ga.* 279 (150 S. E. 151); *Walker* v. *Stephens,* 175 *Ga.* 405 (165 S. E. 99).

7. The finding of the trial judge that the debt was legal was authorized under the evidence submitted; and it not appearing that there is any just reason why the same should not be paid, the decree of the court directing the members of the Board of Education of Candler County to adopt the proper resolution requesting the taxing authorities of the county to levy a tax of not more than a certain per cent., the proceeds of which to be used in satisfying these outstanding warrants, was not "contrary to the law and the evidence" in this case.

*Judgment affirmed. All the Justices concur.*