BOARD OF EDUCATION OF BAKER COUNTY *v.* HALL *et al.,* commissioners.

No. 13046. FEBRUARY 13, 1940.

*Robert B. Short,* for plaintiff.

*Leonard Farkas* and *Benton Odom,* for defendants.

ATKINSON, Presiding Justice. On June 26, 1939, the Board of Education of Baker County, as an unincorporated political sub-

division of the State, instituted mandamus proceedings against J. H. Hall and others as members of the Board of Commissioners of Roads and Revenues, having in charge the fiscal affairs of Baker County, to compel payment of an alleged principal debt with interest from August 3, 1927, owed by the county to plaintiff. It was alleged that the debt accrued by reason of payments made by inadvertence and mistake by the tax collector during the years 1929 through 1936 to the county treasurer of monies raised by taxation for the specific purpose of education, and that the defendants and the treasurer appropriated the monies to general county purposes. It was further alleged that it was the duty of the defendants to see that the money raised by taxation went to the purpose for which it was specifically raised, that petitioner was entitled to receive the alleged amount, and that on June 6, 1939, formal written demand was made therefor, which was refused. Other allegations were that the claim was not barred by the statute of limitations, because, (a) so far as known to petitioner the defendant had not, in compliance with law, made return to the grand jury of the county on the first day of each term of the superior court just and true statements of monies received and belonging to the county, and consequently petitioner was not charged with notice of the outstanding indebtedness; (b) that both petitioner and defendants are trustees. An amendment alleged that all of the money in question was paid into the county treasury by instructions and demand of defendants.; that said money was spent by defendants for legal purposes, the county receiving the full benefit thereof, and then and there knowing that it was used for county-wide purposes. The defendants interposed a demurrer on general and special grounds, which was sustained, and the plaintiff excepted.

1. "An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 678) ; *Anderson* v. *Brumby,* 115 *Ga.* 644 (42 S. E. 77) ; *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4), 826 (124 S. E. 169, 900) ; *Knight's Pharmacy Co.* v. *McCall,* 181 *Ga.*

617 (2) (183 S. E. 497) ; *Walker* v. *Grand International Brotherhood of Locomotive Engineers,* 186 *Ga.* 811, 818 (199 S. E. 146), and cit.

(a) In *Board of Education of Long County* v. *Board of Education of Liberty County,* 173 *Ga.* 203 (159 S. E. 712), the suit in the trial court was instituted by the Board of Education of Liberty County and the individual members of the board. In *Board of Education of Candler County* v. *Southern Michigan Nat. Bank,* 184 *Ga.* 641 (192 S. E. 382), the suit in the trial court was instituted by the bank. The decision in neither of these cases is to be construed as opposed to the principle first above stated.

(b) The question of amendment as dealt with in *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832 (92 S. E. 648), does not arise in the instant case which did not extend to verdict, but was decided on demurrer to the petition that stated affirmatively that the board of education was unincorporated.

2. In the instant case, the Board of Education of Baker County was the sole plaintiff in the trial court. It was not a natural person, a partnership, or an artificial person authorized by law as capable of suing. See *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (2) (113 S. E. 147), and cit. Therefore it could not maintain the suit. It is true that both the Board of Education of Baker County and the Board of Commissioners of Roads and Revenues of that county were agencies of the county in respect to their separate functions. See *Smith* v. *Board of Education of Washington County,* supra; *Murphy* v. *Constitution Indemnity Co.,* 172 *Ga.* 378 (157 S. E. 471). But such relations to the county would not authorize the suit by the unincorporated board of education. The decision in *Smith* v. *Board of Education of Washington County,* supra, does not so hold. If in virtue of agency of the county the board of education could sue the board of commissioners of roads and revenues in virtue of its agency of the same county, that would be substantially a suit by a county (a corporation) against itself that could not be lawfully maintained. *Steele Lumber Co.* v. *Laurens Lumber Co.,* 98 *Ga.* 329 (2) (24 S. E. 755) ; *Bank of Soperton* v. *Empire Realty Trust Co.,* 142 *Ga.* 34 (82 S. E. 464).

3. The rulings announced in the preceding divisions apply to a controlling question, and the judge did not err in dismissing

the petition as amended on demurrer interposed by the defendant. It therefore becomes unnecessary to deal with other questions involved, and no ruling is intended or intimated with respect to them. *Judgment affirmed. All the Justices concur.*