COUNTY BOARD OF EDUCATION OF WILCOX COUNTY *v.*
BOARD OF COMMISSIONERS OF ROADS AND
REVENUES OF WILCOX.COUNTY;
*et vice versa.*

Nos. 15721, 15730.   FEBRUARY 5, 1947.

*McDonald & McDonald,* for plaintiff in error.

*Henry B. Sutton, George P. Wright, E. F. Strozier,* and *J. H. Dorsey,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ Art. 8, sec. 12, par. 1, of the Constitution (Code, Ann. Supp., § 2-7501) provides in part: "The fiscal authority of the several counties shall levy a tax for the support and maintenance of education not less than five mills nor greater than fifteen mills (as recommended by the county board of education) upon the dollar of all taxable property in the county located outside independent school systems."

Art. 8, sec. 4, par. 1 of the Constitution of 1877, as amended, provided in part as follows: "The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems."

A comparison of the provisions of the Constitution of 1877 with the provisions of the Constitution of 1945, shows that in each instance the fiscal authorities of the several counties of this State "shall levy" on the recommendation of the board of education of such county an amount, within the limitation prescribed, for the maintenance and support of the public schools in the county.

By an act entitled "County Boards of Education," approved February 1, 1946, in § 17 (Ga. L. 1946, p. 212), it is provided: "The County Board of Education shall annually recommend to the fiscal authorities of the county the rate of levy to be made for taxes for the support and maintenance of education in the county (exclusive of property located in independent school districts), and

■

likewise notify the State Revenue Commissioner of the rate of the levy to be made on such property in said county for the support and maintenance of education."

From a consideration of the constitutional provisions, and the act of 1946, supra, it appears that neither the General Assembly, nor the people of this State, desired that the support of education should be contingent upon an act which could, but might not, be performed. In order to remove any doubt or contingency, the General Assembly provided that county boards of education *shall* make a recommendation, and the people of Georgia, in the adoption of the Constitution, did not grant to the fiscal authorities of any county discretion as to the amount to be levied for educational purposes; the Constitution in each instance providing that such authorities *shall* levy the amount recommended.

The provisions of the Constitution of 1877 cited were construed by this court in *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147), where it was held that under a proper construction of such paragraph the recommendation of the board of education is mandatory upon the board of commissioners (being the fiscal authority to make such tax levy). In *Rabinowitz* v. *Douglas,* 168 *Ga.* 697 (148 S. E. 740), it was held that the recommendation made by county boards of education to county commissioners, or other proper fiscal authority, is mandatory.

Under the constitutional mandate, and authorities cited, it is not material whether or not the Board of Education of Wilcox County may have had on hand a substantial cash reserve; nor is it material that the board of commissioners may not have concurred in the reasons prompting the recommendation made. The fact that money in excess of that actually to be used might be raised by such levy, was no concern of the Board of Commissioners of Roads and Revenues, such board not being vested with discretionary power as to the recommendation made. The board of commissioners is bound by the highest law that the people of Georgia can enact, the Constitution of the State.

The answer, as a matter of defense, states that the recommendation made was not the recommendation of the County Board of Education, but was the act and recommendation of the County School Superintendent. Later by several allegations and aver-

ments in their response, the defendants clearly treat the recommendation made as that of the board of education. The defendants' answer, properly construed on general demurrer, admits that the action taken as to the recommendation made was the action of the board of education. It is an elementary rule that an inference unfavorable to a party claiming a right will on general demurrer be construed most strongly against such party. See *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867) ; *Charles* v. *Sterling Security & Brokerage Co.,* 182 *Ga.* 480 (185 S. E. 807). In this case the positive and direct subsequent admissions of the defendants, that the recommendation made was that of the petitioners, must prevail over the prior unsupported allegation that the recommendation made was that of the County Superintendent of Schools.

The answer of the defendants set forth no defense to the action, and it was error to overrule the general demurrer to such answer, since the Constitution and laws of this State do not grant to boards of county commissioners of roads and revenues, or authorities levying taxes for the counties of this State, any discretion in following the recommendations of county boards of education.

■ Under the Constitution of 1945, art. 8, sec. 5, par. 1 (Code, Ann. Supp.; § 2-6801), it is provided in part: "Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education." By an act of the General Assembly approved February 1, 1946, in § 8 thereof (Ga. L. 1946, p. 209), it is provided that each county, exclusive of any independent school system, "shall compose one school district and shall be confined to the control and management of a County Board of Education." Under the provisions of the Constitution and the act of the General Assembly cited, Wilcox County is one school district and is such a body corporate or legal entity as can maintain the present action, it being distinctly provided that county school districts shall act by and through a county board of education.

The present action was brought in the names of stated persons, composing the County Board of Education of Wilcox County. In *Ty Ty Consolidated School Dist.* v. *Colquitt Lumber Co.,* 153 *Ga.* 426 (112 S. E. 561), and *Wrightsville Consolidated School Dist.* v. *Selig Co.,* 195 *Ga.* 410 (2) (24 S. E. 2d, 306), this court has

ruled contrary to the contentions of the Board of Commissioners of Roads and Revenues. It was not necessary that the board of education allege that Wilcox County is a school district, when it `is made a school district by both the constitutional provision and the statutory enactment cited.

The case of *Mattox* v. *Board of Education,* 148 *Ga.* 577 (97 S. E. 532, 5 A. L. R. 568), is clearly distinguishable from the cases of *Ty Ty Con. School Dist.* v. *Colquitt Lumber Co.,* supra, and *Wrightsville School Dist.* v. *Selig Co.,* supra. In the *Mattox* case, the real question for determination was whether or not a money judgment could be had against the board of education, and this court held that mandamus was the only adequate and specific remedy at law. The statement in the *Mattox* case, that a county board of education is not a body corporate with authority to sue and be sued in the ordinary sense, does not mean that they could not be sued under any circumstances. In the *Mattox* case, as in *Board of Education of Baker County* v. *Hall,* 189 *Ga.* 617 (7 S. E. 2d, 183), the action was improperly brought. In the latter case, there was no allegation that named persons were acting in their representative and official capacity as members of the board of education in bringing the action, nor was there any allegation which would imply that the action was brought for and on behalf of a school district. In *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 759 (113 S. E. 147), the plaintiff board of education did not bring its action in the names of individuals as composing the board of education. It was alleged that the board of education was a body corporate and politic, and while the court in division 2 of the *Smith* case held that this was not true in the usual and ordinary sense, yet it was held that, where the board of education acts upon matters lawfully within its jurisdiction, it is the county acting through its corporate authority, and the judgment on behalf of the Board of Education of Washington County was affirmed.

The cases cited and relied upon by the defendants are clearly distinguishable on their facts from the present case, and nothing here held is in conflict therewith. The trial court properly overruled the demurrer to the petition of the board of education.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur.*