Verner *v*. Board of Education of Haralson County.

Bell, Justice. 1. "An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (1) (50 S. E. 978).

2. Under the law of this State, a county board of education is not a natural person, a partnership, or a body corporate with authority to sue or be sued, in the ordinary sense. Accordingly, "the Board of Education of Haralson County" could not as sole plaintiff maintain the present suit for injunction to restrain the defendant from interfering with the possession and use of property claimed by it. Code, Ch. 32-9; Code (Ann. Supp.), § 2-6501; *Mattox* v. *Board of Ed. of Liberty County,* 148 *Ga.* 577 (2), 580 (97 S. E. 532, 5 A. L. R. 568); *Board of Ed. of Candler County* v. *Southern Michigan Nat. Bank,* 184 *Ga.* 641 (192 S. E. 382); *Board of Ed. of Baker County* v. *Hall,* 189 *Ga.* 615 (7 S. E. 2d, 183); *Board of Ed. for Houston County* v. *Hunt,* 29 *Ga. App.* 665 (116 S. E. 900); *Ayers* v. *Board of Ed. of Hart County,* 56 *Ga. App.* 146 (192 S. E. 256). See also, in this connection, *Smith* v. *Commissioners of Roads &c. of Glynn County,* 198 *Ga.* 322 (31 S. E. 2d, 648); Ayers *v.* Hartford Accident & Indemnity Co., 106 Fed. (2d), 958.

3. The court erred in overruling the general demurrer to the petition. The further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

No. 16155. April 13, 1948.

*H. J. McBride,* for plaintiff in error.