PARKER *v*. BOARD OF EDUCATION OF SUMTER COUNTY *et al.*

HAWKINS, Justice. 1. "An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga*. 774 (1) (50 S. E. 978); *Verner* v. *Board of Education of Haralson County*, 203 *Ga*. 521 (1) (47 S. E. 2d, 500).

2. While, under article 8, section 11, paragraph 2, of the Constitution of 1945 (Code, Ann., § 2-7402), and Code (Ann. Supp.), § 32-909, county boards of education are vested with title to all school properties outside of independent school systems in their respective counties, and are authorized to receive any gift, grant, donation, or devise made for the use of the common schools within the respective counties, and all conveyances of real estate which may be made to said boards shall vest the property in said boards and their successors in office (*Board of Education of Paulding County* v. *Gray*, 203 *Ga*. 583, 47 S. E. 2d, 508; *Duffee* v. *Jones*, 208 *Ga*. 639, 643 (3), 68 S. E. 2d, 699), and, while Powell on Actions for Land (Rev. ed.) 67, § 65, states that "All persons, natural and artificial, capable of holding lands or a corporeal estate therein, may sue as plaintiffs in ejectment"—yet, "Under the law of this State, a county board of education is not a natural person, a partnership, or a body corporate with authority to sue or be sued, in the ordinary sense." *Verner* v. *Board of Education of Haralson County*, 203 *Ga*. 521 (2) (47 S. E. 2d, 500). Accordingly, an ejectment suit brought in the common-law or fictitious form, which laid a demise

only in the County Board of Education of Sumter County, Georgia, was subject to dismissal on motion of the defendant that the Board of Education of Sumter County, Georgia, "is not a natural person, a partnership, a corporation, nor an artificial person authorized by law as capable of suing," and the trial court erred in overruling such motion, since no action can be maintained except in the name of a natural or artificial person. *Mattox* v. *Board of Education of Liberty County,* 148 *Ga.* 577 (97 S. E. 532); *Board of Education of Baker County* v. *Hall,* 189 *Ga.* 615 (7 S. E. 2d, 183); *Smith* v. *Commissioners of Roads and Revenue of Glynn County,* 198 *Ga.* 322 (31 S. E. 2d, 648); *Verner* v. *Board of Education of Haralson County,* 203 *Ga.* 521 (1) (supra); *Roberts* v. *Tift,* 136 *Ga.* 901 (72 S. E. 234).

3. While this court has held that a suit by named individuals as the duly qualified and acting members of a board of education, brought in their official and representative capacity as such members in behalf of the board, may be maintained (*County Board of Education of Wilcox County* v. *Board of Commissioners of Roads and Revenues of Wilcox County,* 201 *Ga.* 815, 41 S. E. 2d, 398; *Board of Education of Long County* v. *Board of Education of Liberty County,* 173 *Ga.* 203, 159 S. E. 712; and *Landrum* v. *Thomas,* 52 *Ga. App.* 257, 183 S. E. 140, being a physical precedent for such a suit), and while, under the fictitious form of ejectment, an amendment is permissible laying a new demise, thereby bringing in a new cause of action and new parties (*Roberts* v. *Tift,* 136 *Ga.* 901, supra; *Heath* v. *Parker,* 199 *Ga.* 241, 33 S. E. 2d, 904)—the amendment offered in the instant case, alleging that five named persons, "constituting the County Board of Education of Sumter County, Georgia, demised to your petitioner" the land sought to be recovered, does not measure up to the requirements specified in the decisions first cited above, in that it is not alleged that the five named persons are the duly qualified and acting members of the board of education, or that they are suing for the board in their official and representative capacity as such members. But even if this amendment could be held to be a sufficient compliance with the rule stated, there was a failure in this case to prove that the five persons named were the duly qualified and acting members of the board of education of Sumter County, Georgia, the only evidence appearing in the record with respect thereto being the testimony of one of those named that he was a member of the board, and the record being silent as to who were the other members. The allegations with respect to who were the duly qualified and acting members of the board being necessary averments in order to state a cause of action, proof of such essential allegations was necessary to authorize a recovery, and the trial court erred in directing a verdict for the plaintiff in the absence of such proof. *Guest* v. *Guest,* 145 *Ga.* 592 (1) (89 S. E. 687); *Henderson* v. *Nolting First Mortgage Corp.,* 186 *Ga.* 831 (199 S. E. 103); *Cunningham* v. *Avakian,* 192 *Ga.* 391, 394 (15 S. E. 2d, 493); *Sparks* v. *Bell,* 198 *Ga.* 156 (30 S. E. 2d, 911); *Ables* v. *Motor Contract Co.,* 200 *Ga.* 30 (36 S. E. 2d, 148).

4. The trial court erred in overruling the motion to dismiss the petition and in directing a verdict for the plaintiff. These rulings being controlling, it is unnecessary to pass on other questions presented by the record.

5. The judgment of reversal is required in this case by the former decisions of this court under the general rule of law that artificial persons have only such powers as are conferred upon them by their creator, and county boards of education, creatures of the law, have not been clothed as such with the power to sue and be sued. Since, however, such county boards of education are vested with title to all school properties outside of independent school systems in their respective counties, and can take title to property as grantees or donees in a deed, gift, grant, donation, or devise, and are authorized and required to convey property in the name of the county board, and are authorized to make contracts for the construction, maintenance and operation of schools (Code, Ann., § 2-7402; Code, Ann. Supp., §§ 32-909 et seq.; *Sheffield* v. *State School Building Authority*, 208 *Ga.* 575, 68 S. E. 2d, 590), they should, it seems to us, be enabled, in the name of the board, to maintain such suits as might be necessary to protect their title to and possession of property so vested in them, and to enforce rights acquired under or defend claims made against them under and by virtue of their authorized contracts. The procedure in such cases could be greatly simplified by the General Assembly, which alone has the power to do so, conferring upon them the right to sue and be sued in the name of the county board of education.

*Judgment reversed. All the Justices concur.*

No. 17802. Submitted March 10, 1952—Decided April 14, 1952.

*Fort & Fort*, for plaintiff in error.

*DeLacy Allen, H. B. Williams* and *J. Frank Myers*, contra.