35114.   KRASNER *v.* HARPER *et al.*

DECIDED APRIL 28, 1954—REHEARING DENIED MAY 12, 1954.

*Norman Krasner*, pro se, *D. W. Krasner*, for plaintiff in error. *T. J. Long, Earle Norman*, contra.

CARLISLE, J. 1. (a) A county board of education is not a corporate body with power to sue and to be sued, in the ordinary sense, but is merely the agency through which the county, as a subdivision of the State, acts in school matters; and, when the members of the board of education, acting as such board, act upon matters lawfully within the jurisdiction of the board, it is the county acting through "its corporate authority"; and a county is not liable to suit unless there is a statute which in express terms or by necessary implication so declares. *Board of Education for Houston County* v. *Hunt*, 29 *Ga. App.* 665 (116 S. E. 900), and citations; *Board of Education of Candler County* v. *Southern Michigan Nat. Bank*, 184 *Ga.* 641 (192 S. E. 382). The county boards of education are expressly authorized to employ drivers for school buses by the terms of the act of 1947 (Ga. L 1947, p. 1462; Code, Ann., § 32-426).

(b) The members of the county boards of education are not individually liable for the negligent performance of their official duties unless it be shown that their negligence amounts to malicious, or wilful and wanton misconduct. *Harrell* v. *Graham*, 70 *Ga. App.* 178 (27 S. E. 2d 892); *Roberts* v. *Baker*, 57 *Ga. App.* 733 (196 S. E. 104).

Under an application of the foregoing rules of law, whether the petition be construed as an action against the county board of education or as an action against the members of the county board of education as individuals, no cause of action is stated. The board is not suable as such, and the allegations that the members of the board were negligent in failing to ascertain that the defendant was a qualified driver of school buses before hiring him do not constitute malicious, wilful, or wanton conduct in the absence of allegations that the defendant driver, Taylor, was known to be a reckless and incompetent driver. Consequently the trial court did not err in sustaining the demurrer of the defendant members of the county board of education and in striking them from the petition as parties defendant.

2. By the terms of the act of 1949 (Ga. L. 1949, p. 1155; Code, Ann., §§ 32-429, 32-431, 32-433)., it is provided: "The various school boards of the counties . . . employing school buses are hereby authorized and required to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time therefrom resulting from an accident or collision in which said buses are involved. . . [and] Such boards are hereby authorized to cause a provision to be inserted in said policies insuring the members of the general public against personal injury or death or damage to property resulting from the negligent operation of said buses. Nothing, however, in this law shall be construed as imposing legal liability upon such boards on account of such accidents. Wherever an insurance company issues a policy containing such a provision, the company shall be estopped to deny its liability thereunder on account of the nonliability of said board. . . Such policies shall be filed with and retained by the respective school boards for the benefit of the school children patronizing such buses and for the general public."

The policy of insurance sued on is not attached to or made a part of the petition, but it is alleged that the defendant insurance company issued a policy in compliance with the quoted provisions of the law for the benefit of the school children and the members of the general public. The insurance company's *general* demurrer raises the sole question of whether, under the allegations of the petition, a cause of action is set out against it.

According to the language and patent intendment of the statute, the policies of insurance contemplated, although nominally contracts between the writing companies and the various school boards, are contracts of insurance insuring the school children patronizing the buses and members of the general public against the negligent operation of the school buses.

We cannot conceive that the General Assembly, by the enactment of the statute, thought to save harmless the various school boards from the negligent operation of the school buses. As we have already demonstrated in division 1 of this opinion, the school boards were not and are not in any danger of financial loss resulting from the negligent operation of the buses, and this

the General Assembly knew by conclusive presumption at the time the present statute was passed. There is not the slightest intimation that the insurance was intended for the protection of the drivers or operators of the school buses. Consequently, to all intents and purposes the insureds are, under the statute, the school children and the members of the general public. Thus the contract of insurance contemplated is a direct obligation to any member of the two classes specified in the act to pay the damage sustained by such member as the result of the negligent operation of the school buses. See *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (188 S. E. 24). The cause of action is not on the tort, but on the contract by alleging the occurrence of the condition precedent required by the statute, damage sustained by the negligent operation of the school bus. While it is true that the *Vickers* case is based upon the Motor Carriers Act of 1931, which expressly provided that the policy "shall be for the benefit of *and subject to suit or action thereon* by any person who shall sustain actionable injury or loss protected thereby," during the same session of the General Assembly at which the school bus insurance act was passed, Code (Ann. Supp.) § 3-108 was also amended to provide: "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." Consequently, having amended the general law on the subject of suits on contracts, there was no necessity for an express provision in the later statute of the same session that suit might be brought on the contracts of insurance insuring against the negligent operation of school buses. While, under the authority of *Russell* v. *Burroughs,* 183 *Ga.* 361 (188 S. E. 451), the plaintiff would not be permitted to join his actions ex contractu and ex delicto against the insurance company and the driver tortfeasor, the question of misjoinder of causes of action and parties defendant must be raised by *special* demurrer. It follows, therefore, that the trial court erred in sustaining the general demurrer of the defendant insurance company.

As counsel for the defendant insurance company have relied almost entirely upon the case of *Arnold* v. *Walton,* 205 *Ga.* 606 (54 S. E. 2d 424), to sustain their position, we shall prolong this discussion long enough to demonstrate the inapplicability

of the principles stated in that case to the facts of the present case. There was no statute requiring the Crisp County Power Commission to cause policies of insurance to be issued insuring the general public. Nevertheless the commission took out a policy of insurance which provided that the insurance company agreed that it would not, in case of loss or damage arising under the policy, "claim exemption from liability *to the named assured* [the Crisp County Power Commission] because of any statute." The Supreme Court held in that case that by the terms of the policy itself no benefits were conferred upon the public. In the present case under consideration, the statute itself expressly provided for the benefits to the public and school children, and for nothing else.

3. The assignments of error on the trial court's sustaining of the defendant driver's special demurrers are not subject to review by virtue of the express terms of Code (Ann. Supp.) § 81-1001. *Sellers* v. *City of Summerville*, 88 *Ga. App.* 109 (76 S. E. 2d 99), and citations.

*Judgment reversed in part and affirmed in part. Gardner, P. J., and Townsend, J., concur.*