## 19267. West *v.* Manning.

Candler, Justice. The record in this case shows the following: On February 13, 1952, Heck West filed a suit for divorce in the Superior Court of Crisp County against Mary Ida Ross West on the ground of desertion. His petition alleged that she was a resident of Philadelphia, Pennsylvania. An order for service by publication was granted. Mrs. West made no appearance and filed no defensive pleadings. A divorce was granted on July 28, 1952. Mrs. West on March 8, 1955, filed a petition in the same court to set aside the divorce decree on the ground of fraud. She did not name any person as party defendant nor pray for process, and no process was issued. Her petition alleged: that Heck West, her husband, was dead; that his estate was unrepresented, but she was applying for letters of administration thereon; that she had no notice or knowledge of the divorce action filed by him; that a copy of the newspaper containing the citation for her appearance was not mailed to her, though her husband knew her address; that Ned Manning of Houston County, Georgia, was claiming her husband's estate as his sole heir at law; and that Manning had filed a proceeding in the Court of Ordinary of Crisp County for an adjudication that no administration on Heck West's estate was necessary but had dismissed it, stating that there were debts of the estate. She prayed that the divorce decree be declared void, and that an order be passed requiring any person or persons whom the court deemed "necessary and pertinent" to appear and show cause why the divorce decree should not be set aside. In response to such an order, Ned Manning answered the petition and denied its substantial allegations. A jury, after hearing evidence submitted by the plaintiff and Manning, found that the divorce decree should not be set aside. The plaintiff moved for a new trial on the usual general grounds and amended her motion by adding several special grounds. Her amended motion was denied and she excepted to that judgment. *Held:*

1. To any proceeding brought in the courts of this State to set aside a divorce decree, the party in whose favor it was rendered, or if he be dead his legal representative, is a necessary and indispensable party defendant. *Grier* v. *Jones,* 54 *Ga.* 154; *Burgess* v. *Burgess,* 210 *Ga.* 380 (80 S. E. 2d 280).

2. To a proceeding having the character of the one presently before us, there must be a proper party plaintiff and a proper party defendant; otherwise the proceeding is not an action at law, but a complete nullity. *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677 (36 S. E. 880); *W. & A. R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978); *Smith* v. *Commissioners of Roads and Revenue of Glynn County,* 198 *Ga.* 322 (31 S. E. 2d 648); *Verner* v. *Board of Education of Haralson County,* 203 *Ga.* 521 (47 S. E. 2d 500); *Myrtle Lodge No. 1663* v. *Quattlebaum,* 207 *Ga.* 575 (63 S. E. 2d 365); *Parker* v. *Board of Education of Sumter County,* 209 *Ga.* 5 (70 S. E. 2d 369). Here, as shown by our statement of the case, the petition not only fails to name a legal representative of Heck West's estate as a party defendant, but it fails to name any person as such party. Consequently, the proceeding as thus brought by Mrs. West, as well as all action taken thereon by the

court, was a complete nullity; and this being true, direction is given that the verdict and judgment be vacated and set aside, and that the proceeding be stricken from the docket of the court.

*Judgment reversed with direction. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*Gower & McCormick, R. McCormick, O. T. Gower,* for plaintiff in error.

*Whitfield R. Forrester, Mixon & Forrester,* contra.