20775. COTTON STATES MUTUAL INSURANCE
COMPANY *v.* KEEFE.

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960.

*Hull, Willingham, Towill & Norman, Memory, Barnes & Memory, Kenyon, Kenyon & Gunter,* for plaintiff in error.

*Dunaway, Embry & Shelfer,* for party at interest.

*Blount & Gibson,* contra.

ALMAND, Justice. The act of 1949 (Ga. L. 1949, p. 1155; Code, Ann., §§ 32-429—32-431), (a) authorized and required county school boards operating school buses "to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time therefrom resulting from an accident or collision ·in which said buses are involved," the amount of insurance being left in the discretion of the board; and (b) authorized such school boards to cause a provision to be inserted in said policies "insuring the members of the general public against personal injury or death or damage to property resulting from the negligent operation of said buses." It was provided that nothing in the act should be construed as imposing liability upon the school board on account of such accidents; and that the insurance company issuing a policy containing a provision insuring the general public "shall be estopped to deny its liability thereunder on account of the nonliability of said board."

Under the act of 1955 (Ga. L. 1955, p. 448; Code, Ann., § 56-1013), a county or any political subdivision of this State was authorized to procure and provide insurance to cover liability for damages on account of bodily injuries or death resulting therefrom to any person or for damages to property of any person, or both, arising by reason of the ownership, maintenance, operation, or use of any motor vehicle by the county or any other political subdivision of this State under its management, con-

trol, or supervision, whether a governmental undertaking or not, and to pay premiums therefor.

Section 2 of this act (Ga. L. 1955, pp. 448, 449; Code, Ann., § 56-1014) provided that, when a county or political subdivision shall purchase such insurance, its governmental immunity for the negligence of its agents, employees, and servants shall be waived to the extent of the amount of insurance purchased and neither the political subdivision nor the insuring company "shall plead such governmental immunity as a defense and may make only such defenses as could be made if the insured were a private person. The municipal corporation, county or any other political subdivision of the State shall be liable for negligence as herein provided only for damages suffered while said insurance is in force, but in no case in an amount exceeding the limits or the coverage of any such insurance policy. No attempt shall be made in the trial of any action brought against a municipal corporation, county or any other political subdivision of the State to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff, and if the verdict rendered by the jury exceeds the limits of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limits stated in the insurance policy."

On September 3, 1957, Cotton States Mutual Insurance Company (hereinafter referred to as the insurance company) issued to the Ware County Board of Education a policy of insurance for a period ending June 3, 1958, the policy issued being a combined comprehensive liability policy covering the operation of school buses by the Ware County Board of Education. The policy coverage as to the general public, as set out in Coverages A and B of the Insuring Agreements in the policy, was: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by

accident and arising out of the ownership, maintenance or use of the automobile." As to actions against the company under Coverages A and B, the policy provided: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under the policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."

In March, 1957, Wallace A. Keefe, Sr., filed his suit against the insurance company, alleging that he sustained injuries to his person and property by reason of the negligent operation of a school bus owned by the Ware County Board of Education, and sought to recover damages from the insurance company, it being alleged that it was liable to the plaintiff under the terms of the policy, a copy of the policy being attached to the petition. The insurance company filed its general demurrers, in which it asserted: (a) it was not liable to the plaintiff either in tort or contract, and (b) the plaintiff is not a beneficiary under the policy and has no right of action against the company. The general demurrers were overruled, and this ruling was affirmed by the Court of Appeals. (*Cotton States Mutual Insurance Co.* v. *Keefe,* 100 *Ga. App.* 715, 112 S. E. 2d 435).

That court held that, under the provisions of the act of 1949 (Ga. L. 1949, p. 1155): (a) Insurance companies issuing policies of liability insurance to school boards are subject to direct suit by a member of the general public as the result of the negligent operation of school buses insured; (b) a provision in the policy that the company shall not be subject to suit until the obligation of the insured shall have been determined by judgment against the insured or by written agreement of the insured, the claimant, and the company was void as contravening the provisions of the

act of 1949 (supra) ; and (c) the act of 1955 (Ga. L. 1955, p. 448; Code, Ann., § 56-1013) does not apply to county school boards, such boards not being political subdivisions of the State.

Assigning error on these rulings, the insurance company filed its application for the writ of certiorari, which we granted.

■ The act of 1955 (supra) authorizes a county or any political subdivision of the State to purchase insurance to cover liability for damages incurred by reason of the negligent operation of any motor vehicle owned by it. Where such insurance is procured, it waives the immunity of such subdivision from direct suit, and permits an action to be brought in tort against the county or political subdivision, and limits the recovery against it to the amount of coverage under the insurance policy. Under the Constitution and statutes of this State, each county, exclusive of any independent school system, constitutes one school district which is confided to the control and management of a county board of education. Par. 1, Sec. 5, Art. 8, Constitution of 1945 (Code § 2-6801) ; Code § 32-901.

School districts are political subdivisions of this State. *Jennings v. New Bronwood School District*, 156 *Ga.* 15 (118 S. E. 560); *Seaboard Airline Ry. Co. v. Wright*, 165 *Ga.* 367 (140 S. E. 863); *Campbell v. Red Bud Consolidated School District*, 186 *Ga.* 541 (198 S. E. 225). Each school district is a body corporate and may be sued where it has incurred liability under the law. *Ty Ty Consol. Schl. Dist. v. Colquitt Lumber Co.*, 153 Ga. 426 (1) (122 S. E. 561); *County Bd. of Ed. of Wilcox County v. Bd. of Commissioners of Wilcox County*, 201 *Ga.* 815, 819 (41 S. E. 2d 398); *Wrightsville Consol. Schl. Dist. v. Selig Co.*, 195 *Ga.* 408 (24 S. E. 2d 306); *Pinion v. Walker County Schl. Dist.*, 203 *Ga.* 99 (45 S. E. 2d 405); *Towns v. Suttles*, 208 *Ga.* 838 (69 S. E. 2d 742).

Ware County constitutes one school district, and, as such, is such a body corporate or legal entity that it comes within the purview of the act of 1955 (Ga. L. 1955, p. 448; Code, Ann., § 56-1013), and the Board of Education of Ware County had authority to obtain liability insurance; and, under the provisions of the act of 1955 (supra), the school district was subject to direct action for damages by reason of injury to person or property caused by the negligent operation of its school buses covered by

insurance. The Court of Appeals erred in holding that the said act was not applicable.

■ There is no conflict between the act of 1949 (supra) and the act of 1955 (supra). The act of 1949 (supra) required the county boards of education to procure insurance covering school children riding in buses operated by the board, against bodily injury or death from accident or collision. As to the insuring of members of the general public, it was discretionary as to whether the board would insure against liability. This act made no provision for direct actions against the board or school district. The act of 1955 (supra) authorizes, where insurance is in effect, a direct action against the school district. There is nothing either in the act of 1949 (supra) or the act of 1955 (supra) as to the type or kind of insurance the boards of education are required to procure. There are no provisions in the act of 1949 (supra) which require the county boards of education to obtain policies of insurance that permit a direct action by the person injured against the insurance company; and we cannot agree with the ruling of the Court of Appeals that the provision in the policy of insurance under consideration, that the company would be liable only after legal liability had been established by judgment or agreement, contravenes the provisions of the act of 1949 (supra). The cases of *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (188 S. E. 24), and *Great American Indemnity Co.* v. *Durham,* 54 *Ga. App.* 353 (2) (187 S. E. 891), are not in point here, for the reason that in those cases the type and kind of insurance to be obtained with the right of direct action against the insurer were spelled out in the statute requiring the obtaining of insurance. See Code (Ann.) §§ 68-509—68-612; Code § 114-601; *Arnold* v. *Walton,* 205 *Ga.* 606 (2) (54 S. E. 2d 424).

Neither the act of 1949 (supra) nor the act of 1955 (supra) requires the county board of education to obtain a policy of insurance that permits the injured person to bring a direct action against the insurer. The ruling of the Court of Appeals in *Krasner* v. *Harper,* 90 *Ga. App.* 128 (82 S. E. 2d 267), affirmed on certiorari by this court without opinion with one Justice dissenting, *American Guarantee & Liability Insurance Co.* v. *Krasner,* 211 *Ga.* 142 (84 S. E. 2d 46), is not controlling here. It was there held that, under the act of 1949 (supra), and under the allegations of the petition, a direct action could be maintained against

the insurer. In that case the plaintiff, without attaching a copy of the policy of insurance, alleged in his petition that the defendant insurance company had issued a policy "for the benefit of the school children . . . and for the benefit of the members of the general public." In the opinion the Court of Appeals said: "The insurance company's general demurrer raises the sole question of whether, under the allegations of the petition, a cause of action is set out against it." *Krasner* v. *Harper*, supra, at p. 136. In the instant case, a copy of the policy of insurance is set out in the petition. Under its provisions the insured is the Board of Education of Ware County. The liability of the insurer is to pay whatever legal liability has been established against the board by judgment or agreement of the parties. As we have held above, such condition in the policy does not violate public policy or any provision of law. The plaintiff has no direct cause of action against the insurer, and it was error for the trial court to overrule the general demurrers.

We hold that, under the acts of 1949 and 1955 (both supra), where the county board of education procures a policy of liability insurance to protect the school children and the general public in the operation of school buses by the board, and the policy contains a provision that no action shall lie against the insurer until as a condition precedent thereto the amount of the insured's obligation to pay shall have been finally determined either by judgment after actual trial or by written agreement of the insured, the claimant, and the company, the person injured by the negligent operation of the school buses covered by the policy of the insured cannot bring a direct action against the insurer; but must first obtain a judgment against the county school district, or written agreement of the parties, where the county board of education acts for the school district in providing liability insurance under the provisions of the act of 1955 (supra).

It follows that the Court of Appeals erred in affirming the judgment of the trial court overruling the demurrers of the defendant.

*Judgment reversed. All the Justices concur, except Quillian, J., disqualified.*