21588. HARVEY *et al.* v. FLATMAN.

SUBMITTED MARCH 12, 1962—DECIDED APRIL 9, 1962.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* for plaintiffs in error.

*Nelson Haslam,* contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a petition seeking an injunction.

Doyle L. Harvey, William D. Eve, Paul Hefferman, D. Collier Houston, and Walter F. Kiley, in their official capacity as members of the State Board for Examination, Qualification and Registration of Architects filed a petition against Ernest Flatman seeking to have him restrained and permanently enjoined from engaging in the practice of architecture in the State of Georgia. Flatman demurred to the petition on the ground that there was no proper party plaintiff. This contention was sustained by the trial court and presents the only question on review.

It is contended by the defendant that, under *Code Ann.* § 84-322 (Ga. L. 1955, pp. 602, 607), which provides: ". . . [the] Board may on its own motion, and must on the verified complaint in writing of any person or association, file an equitable petition in its own name. . ." to prevent the violation of any Georgia law relating to the practice of architecture, and lawful rules, regulations, or orders of the board, a suit brought by the members of the board in their official capacities did not create a proper party plaintiff in that only the board could file suit for such purposes as outlined in the above Code section.

With this contention we cannot agree. While it is true that the act creating the Georgia Board of Architects authorized the board to file an equitable petition in its own name, there is no way the board could bring a petition as provided by *Code Ann.* § 84-322 except through its members acting in their official capacities. This was precisely what the board members did. They filed suit "in their official capacity as members of the State Board for Examination, Qualification and Registration of Architects." This court has held that a suit by named individuals as the duly qualified and active members of a board of education brought in their official and representative capacity as such

members on behalf of the board may be maintained. *Bd. of Ed. of Wilcox County v. Bd. of Commrs.*, 201 Ga. 815 (41 SE2d 398); *Parker v. Bd. of Ed. of Sumter County*, 209 Ga. 5 (70 SE2d 369).

The case of *Belcher v. Kelley*, 143 Ga. 525 (3) (85 SE 696), cited by the defendant in error, which held that a Masonic lodge was not made a party plaintiff when the plaintiffs described themselves as members of the lodge, has no application to the present case because the plaintiffs here described themselves as acting in their official capacities as members of the board.

The defendant in error further contends that the board was not described in the petition as the Georgia State Board for Examination, Qualification and Registration of Architects as provided by the act creating the board but rather as the State Board for Examination, Qualification and Registration of Architects, and that this rendered the suit defective. This contention is without merit since the act itself described the board in several places as was done by the petition in the instant case.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*