## 40742. KRASNER v. AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY.

RUSSELL, Judge. In 1953 the plaintiff, Norman Krasner, filed an action for damages in the Superior Court of Taliaferro County against the members of the Taliaferro County Board of Education, A. C. Taylor, driver of a Taliaferro County Board of Education school bus, and the American Guarantee & Liability Insurance Company, as a result of injuries which he sustained when the truck he was driving was hit by a school bus operated by Taylor. Recovery was sought from the proceeds of a policy of liability insurance issued by the insurance company to the county board, but no copy of the policy was attached to the petition and the specific terms and conditions did not appear. The policy had been taken out under the provisions of the Act of 1949 (Ga. L. 1949, p. 1155; *Code Ann.* §§ 32-429, 32-431, 32-433) requiring county school boards employing school buses to obtain policies insuring school children riding therein against bodily injury, and authorizing a like provision for members of the general public. We held in *Krasner v. Harper*, 90 Ga. App. 128 (82 SE2d 267), affirmed, 211 Ga. 142 (84 SE2d 46), that the members of the county board were not subject to suit for the negligent operation of the county school buses, but that the issuing insurance company might be sued directly under the third party beneficiary rule.

Thereafter the plaintiff apparently dismissed this action and rebrought it in the Superior Court of Fulton County against the insurance company and Taylor, relying on the above decision. Taylor was later dismissed as a party defendant. The insurance company, now the sole defendant, filed its motion for summary judgment in the case, relying upon a provision of the insurance policy which it attached to its motion, and which provision reads as follows: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company." Thus, this policy limitation was tested for the first time in this motion. Its effect had already been determined as a

death warrant to the right of action in *Cotton States Mut. Ins. Co. v. Keefe,* 215 Ga. 830 (113 SE2d 774), where, in dealing with *Krasner v. Harper,* 90 Ga. App. 128, supra, the Supreme Court held: "There is nothing either in the Act of 1949 (Ga. L. 1949, p. 1155; *Code Ann.* § 32-429) or in the Act of 1955 [Ga. L. 1955, p. 448; *Code Ann.* § 56-1013] as to the type or kind of insurance which the boards of education are required to procure. There are no provisions in the Act of 1949 (supra) which require the county boards of education to obtain policies of insurance that permit a direct action by the person injured against the insurance company; and the ruling of the Court of Appeals that the provision in the policy of insurance under consideration, that the company would be liable only after legal liability had been established by judgment or agreement, contravenes the provisions of the Act of 1949 (supra) was erroneous."

It follows that when in this case it was made to appear that such condition precedent to the action was contained in the policy of insurance and that it had not been complied with, the trial court had no alternative but to grant the defendant's motion for summary judgment, and this court has no alternative but to affirm that ruling.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED OCTOBER 14, 1964.

*D. W. Krasner,* Norman Krasner, *pro se,* for plaintiff in error. *T. J. Long, Ben Weinberg, Jr.,* contra.