514

23146. BIBLE et al., Members of Board of Education v.
CROSS, Tax Assessor, et al.

Cook, Justice. 1. The only question raised by the motion to dismiss was whether or not the petitioners could maintain the action.

2. The first ground of the motion presents no question for consideration since it asserts that the action could not be maintained in the name of the Board of Education of Walker County, whereas the action was brought in the name of the members of the board acting in their official and representative capacity.

3. In *County Bd. of Educ. of Wilcox County v. Board of Commrs. of Roads & Revenues,* 201 Ga. 815 (41 SE2d 398), this court held that named persons, alleging themselves to be the duly qualified and acting members of the Board of Education of Wilcox County, acting in their official and representative capacity as such members, could maintain an action for mandamus to require the Board of Commissioners of Roads and Revenues of Wilcox County to levy the tax recommended by the Board of Education. The present case is controlled by the decision in that case. Nothing to the contrary was held in *Parker v. Board of Educ. of Sumter County,* 209 Ga. 5 (70 SE2d 369).

4. The trial judge erred in sustaining the motion to dismiss.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

Submitted October 11, 1965—Decided November 4, 1965.

*Frank M. Gleason, Burton Brown,* for appellants.
*Paul W. Painter, F. H. Boney,* for appellees.

George W. Bible, W. E. Roper, Richard B. North, F. H. Jackson, and Everett King, "the duly qualified and acting members of the Board of Education of Walker County, Georgia, acting in their official and representative capacity as such members," brought their petition against W. R. Cross and others, individually, and as members composing the Board of Tax Assessors of Walker County, Georgia, and J. Miller Pickell, Tax Commissioner of Walker County. It was alleged that: The petitioners are charged with the duty of making an annual rec-

ommendation to the fiscal authorities of Walker County of the rate of tax levy to be made for the support and maintenance of education in the county (exclusive of the property located in independent school districts). Pursuant to an election held in 1960, in which the voters of Walker County gave to the County Board of Education the power and authority to levy a tax up to thirty mills for the support and maintenance of education, the petitioners adopted a resolution on July 28, 1965, recommending to the Commissioner of Roads and Revenue of Walker County a levy of thirty mills for the support and maintenance of education. Such recommendation was transmitted to the Commissioner of Roads and Revenue of Walker County. It is the duty of the Commissioner of Roads and Revenue to levy the millage fixed by the County Board of Education, and the Commissioner of Roads and Revenue has no discretion in the matter. The members of the Board of Tax Assessors are required to complete their revision and examination of the returns of taxpayers by June 1 of each year. *Code Ann.* § 92-6917. They completed their revision and examination of the returns of the taxpayers of Walker County at the time and in the manner required by law. After they completed these duties they had no further authority, jurisdiction, or control over such returns or the equalization of valuations. However, after the members of the Board of Tax Assessors attended a meeting of the County Board of Education on July 13, 1965, and were informed that it was the intention of the County Board of Education to recommend the levy of a tax of thirty mills for the support and maintenance of education, the members of the Board of Tax Assessors, in their official capacity, prepared and signed an order addressed to the Tax Commissioner of Walker County directing a reduction of taxable values on real estate in Walker County by 16⅔%. This order is illegal, null, and void, and constitutes an illegal and unlawful interference with the duties and responsibilities of the County Board of Education, since the Board of Tax Assessors is without authority to make any change in tax valuations until notice is given to an individual taxpayer of a change in his individual tax returns; and the Board of Tax Assessors had already completed their duties, approved the returns, and transmitted them

to the Tax Receiver for entry on the tax digest. The Tax Commissioner is now in the process of illegally entering on the tax digest valuations of real property which he has reduced by 16⅔% in accordance with the order of the Board of Tax Assessors.

It was prayed that the Board of Tax Assessors be enjoined from altering the valuations of real property as they appeared on the tax returns of the individual taxpayers at the time the Board of Tax Assessors completed their inspection, approval, and equalization of such returns; and that the Tax Commissioner be enjoined from entering reduced valuations on the tax digest in accordance with the order of the County Board of Tax Assessors.

J. Miller Pickell, as Tax Commissioner of Walker County, filed his motion to dismiss the petition on two grounds: (1) The action can not be maintained in the name of the Board of Education of Walker County for the reason that it is not a natural person or such artificial person as is recognized by law as being capable of bringing an action, (2) The purported action does not involve title to or possession of school property, nor does it involve rights acquired by authorized contracts concerning school matters, and therefore does not come within the class of cases in which named individuals as the duly qualified and acting members of a board of education may bring suit in their official and representative capacity on behalf of a school board.

The trial judge sustained the motion and dismissed the petition, and this order is assigned as error in the enumeration of errors of the appellant.