## 46860. THOMPSON v. BOLTON CHEVROLET COMPANY et al.

HALL, Presiding Judge. Plaintiff appeals from the summary judgments for both defendants in a suit against a garage and its insurer to collect the amount of a judgment plaintiff has against a customer of the garage. At the time of her collision with plaintiff, the customer was driving a car owned by the garage and loaned to her while her own car was being repaired.

The suit, when originally brought, alleged two theories: that the customer is an insured under the policy and the insurer is directly liable for the amount of the judgment; and/or that the garage negligently entrusted the automobile to her and is therefore liable to the plaintiff for his damages (and the insurer is in turn liable to the garage under the terms of the policy). The first theory appears to have been abandoned. In any event, there is no basis for it under the clear terms of the policy. There is no omnibus clause and the customer fits into none of the stated categories of insureds. Therefore, the insurance company's only obligation is predicated upon the finding of liability in the garage for negligent entrustment.

On the motions for summary judgment, the court had before it the deposition of the customer and the affidavit of the garage's service manager. He stated that he had not observed any signs of nervous disability or influence of

drugs or alcohol at any time he had dealt with this customer, including the ten-minute period just before he had turned over the automobile to her on the day of the collision; and that he had no knowledge of her history or present problems concerning her health, nerves or drinking. In her deposition, however, she stated that she had been drinking that day; that she drank every day (and had cirrhosis of the liver); that she had at one time been institutionalized for nervous disorders; that she took certain drugs; that she had several previous wrecks; that her own car was being repaired by the defendant garage because of a wreck; but that she had never related her various problems to the garage's service manager nor did she have any reason to believe he knew of them.

While proof of actual knowledge of a person's incompetence is necessary to show negligent entrustment, this knowledge may be proven by circumstantial evidence. *Harris v. Smith*, 119 Ga. App. 306 (167 SE2d 198); *Jones v. Cloud*, 119 Ga. App. 697 (168 SE2d 598). Here there is some circumstantial evidence from which a jury might infer actual knowledge. The service manager's denial does not destroy this evidence so as to carry the heavy burden of the movant on summary judgment. The court erred in granting it to the garage. *Harris v. Smith*, supra.

However, under the terms of the policy, no action can lie against the insurance company until the amount of its insured's (the garage's) liability has been finally determined either by a judgment or by written agreement. There is no judgment against the garage at this time. As the action is premature, the court did not err in granting summary judgment to the defendant insurer. *Krasner v. American Guarantee &c. Ins. Co.*, 110 Ga. App. 468 (138 SE2d 921).

*Judgment reversed in part; affirmed in part. Pannell and Quillian, JJ., concur.*

Submitted January 10, 1972—Decided January 25, 1972.

*Greer, Sartain, Cary & Cromartie, Jack M. Carey, Russell & McWhorter, T. Penn McWhorter,* for appellant.

*Robinson, Buice, Harben & Strickland, Frank Strickland, Jr.,* for appellees.