50124, 50125. FOSTER v. COBB COUNTY BOARD OF EDUCATION et al. (two cases).

MARSHALL, Judge.

Plaintiff, a minor, was injured when a physical education instructor at a junior high school within the Cobb County School District allegedly struck him during school activities. The minor's father (Case No. 50124) and the minor (Case No. 50125) brought actions against the physical education instructor and the Board of Education of Cobb County, alleging "wilful and wanton conduct" of the board of education through its agent. The board moved to dismiss the actions for failure to state a claim in that the board of education was not a body corporate nor a legal entity that could sue or be sued, that the suit should have been brought against the Cobb County School District, a political subdivision of the state, which is immune from suit in this case. The trial court, after allowing plaintiffs time to amend their complaints and upon their refusal to do so, dismissed the actions for the above reasons, and because the complaints failed to allege negligence. The trial court also certified the question for immediate review. *Held:*

It is undisputed that the Cobb County School District is co-extensive with the geographical limits of Cobb County, and, except for the independent school district for the City of Marietta, is a school district within the meaning of the Georgia Constitution of 1945, Art. VIII, Sec. V, Par. I (Code Ann. § 2-6801). "Each county, exclusive of any independent school system now in

existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education." To the same effect are Ga. L. 1919, pp. 288, 320 (Code § 32-901) and Ga. L. 1919, pp. 288, 333; 1946, pp. 206, 209 (Code Ann. § 32-1101). We have held on numerous occasions that a school district is a body corporate with the capacity to sue and be sued. *Cotton States Mut. Ins. Co. v. Keefe,* 215 Ga. 830, 834 (1) (113 SE2d 774); *Pinion v. Walker County School District,* 203 Ga. 99 (45 SE2d 405); *Taylor v. Matthews,* 10 Ga. App. 852 (75 SE 166). A school board of education, on the other hand, is not a body corporate and does not have the capacity to sue or be sued, *Board of Ed. of Baker County v. Hall,* 189 Ga. 615 (7 SE2d 183); *Mattox v. Board of Ed. of Liberty County,* 148 Ga. 577, 580 (97 SE 532); *Ray v. Cobb County Board of Ed.,* 110 Ga. App. 258 (2) (138 SE2d 392); *Beckanstin v. Drake,* 89 Ga. App. 636 (80 SE2d 506), except where a school board is created by a separate Act of the legislature and is sui generis, e. g., *Morman v. Board of Ed. of Richmond County,* 218 Ga. 48 (126 SE2d 217); *Smith v. Board of Ed. of Washington County,* 153 Ga. 758 (2) (113 SE 147); *Sheley v. Board of Public Ed. for City of Savannah and County of Chatham,* 132 Ga. App. 314 (208 SE2d 126).

The status of the present defendant, Cobb County Board of Education, was discussed in *Ray v. Cobb County Board of Ed.,* 110 Ga. App. 258, supra, a decision concerned with whether or not the Cobb County Board of Education was a "political subdivision" of the state within the meaning of Ga. L. 1960, pp. 289, 673 (Code Ann. § 56-2437). ". . . [A] county board of education is not a political subdivision and not a body corporate liable to suit in the ordinary sense (except in cases made so by an Act of the legislature), and . . . the Board of Education of Cobb County through its members merely has the control and management of the Cobb County school district. See *Cotton States Mut. Ins. Co. v. Keefe,* 215 Ga. 830, 834 (1) (113 SE2d 774). See also *Board of Ed. of Baker County v. Hall,* 189 Ga. 615, 617 (2) (7 SE2d 183)." That decision controls this issue.

Plaintiffs rely upon *Roberts v. Baker,* 57 Ga. App. 733 (196 SE 104); *Harrell v. Graham,* 70 Ga. App. 178 (27

SE2d 892); and *Krasner v. Harper,* 90 Ga. App. 128 (82 SE2d 267), wherein the general rule is stated that, "The members of the county boards of education are not individually liable for the negligent performance of their official duties unless it be shown that their negligence amounts to malicious, or wilful and wanton misconduct." *Krasner v. Harper,* 90 Ga. App. 128, 135, supra. However, plaintiffs have not sued the members of the Cobb County Board in their individual capacities, but have brought their actions against the board itself, which cannot be sued.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 7, 1975 — DECIDED JANUARY 23, 1975.

*Greene, Smith & Traver, Michael B. Perry,* for appellants.

*Flournoy & Still, Richard H. Still,* for appellees.