United States Court of Appeals,

Eleventh Circuit.

No. 96-9328.

Natasha N. PAYNE, by next friend, Harriet C. GLEATON, Plaintiff-Appellee,

v.

TWIGGS COUNTY SCHOOL DISTRICT, et al., Defendants,

Selective Insurance Company, Defendant-Appellant.

Nov. 18, 1997.

Appeal from the United States District Court for the Middle District of Georgia. (No. 94-CV-103), Hugh Lawson, Judge.

Before BLACK, Circuit Judge, and HILL and HENDERSON, Senior Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE 6, SECTION 6, PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

This action in diversity presents an unanswered question of Georgia law that is determinative of this appeal. We therefore certify this question to the highest court of the State for resolution. To assist that court, we set out briefly the facts of the case and the parties' arguments.

I. FACTS AND PROCEEDINGS BELOW

This case arises out of an incident that occurred on a Twiggs County, Georgia, school bus on the afternoon of May 5, 1993. While riding home on the bus that day, the plaintiff, Natashia N. Payne, was attacked by a fellow student, Andrea Smith, with a knife and badly cut on the face. Payne brought this action in the United States District Court for the Middle District of Georgia through her next friend, Harriett C. Gleaton, against the Twiggs County School District, James C. Basley, Assistant Principal of the school attended by Payne and Ernestine Bowden, driver of the bus at the time of the attack. The complaint asserted a cause of action pursuant to the provisions of 42 U.S.C. § 1983 as well as counts for negligence under state law. She subsequently amended the

complaint to add a claim for direct contractual liability against Selective Insurance Co. ("Selective"), the company which had issued a policy of liability insurance to the Twiggs County School District.

The School District, Basley and Bowden eventually filed a motion for summary judgment on all counts. The district court granted the motion on plaintiff's federal causes of action and declined to exercise supplemental jurisdiction over plaintiff's state law claims. Selective filed a separate motion to dismiss the plaintiff's action against it, which was denied by the district court. The court subsequently amended its order denying Selective's motion to dismiss for immediate review in accordance with 28 U.S.C. § 1292(b). This court granted Selective's petition for permission to appeal.

## II. DISCUSSION

Georgia law requires school boards to purchase liability insurance to cover children while riding on school buses. That code section provides as follows:

> The various school boards of the counties, cities, and independent school systems employing school buses are authorized and required to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time resulting from an accident or collision in which such buses are involved. The amount of such insurance shall be within the discretion of the respective boards.

O.C.G.A. § 20-2-1090. A related provision permits school boards to purchase liability insurance for the protection of the general public from the negligent operation of school buses. It reads as follows:

> The various school boards are authorized to cause a provision to be inserted in policies issued under Code Section 20-2-1090 insuring the members of the general public against personal injury or death or damage to property resulting from the negligent operation of the school buses.

O.C.G.A. § 20-2-1092.

The plaintiff's theory of recovery against Selective is that she is a third-party beneficiary under its contract of insurance with the School District, made in compliance with § 20-2-1090, and, as such, may maintain a direct action against the insurer. None of the parties to this proceeding question the right of a third-party beneficiary to a contract to file a direct action against the insurer in this situation. The dispute here revolves around whether the injury sustained by Payne is an

2

accident in which the school bus was involved, so as to bring her case within the operation of the statute. The district court concluded that the term "accident," as it is used in the act, could encompass an intentional act if it was unexpected by the victim. The court also determined that the statute did not necessarily require that the injury result from the negligent operation of the school bus but was broad enough to cover an incident which occurred on the school bus. Accordingly, since the plaintiff's injury arguably fell within the statute, the district court held that it stated a claim for relief and the motion to dismiss should be denied.[1]

On appeal, Selective contends that the district court erred in concluding that the plaintiff may pursue a direct action against it under the authority of § 20-2-1090 simply because she was injured while on a school bus. It urges that the statute has no application unless the injury in issue was sustained as a result of the negligent operation of a school bus. It argues that the Georgia Court of Appeals' decision in *Krasner v. Harper,* 90 Ga.App. 128, 82 S.E.2d 267 (1954), makes negligent operation of a school bus a condition precedent to recovery under the statute. It further asserts that plaintiff may not avail herself of the statute because the school bus was not involved in the accident which caused her injury.

In *Krasner,* the driver of a car driven off the road by a school bus brought suit against the members of the school board, the bus driver and the insurance company which had issued a policy of insurance pursuant to the predecessors of the statutes quoted above. The trial court sustained demurrers filed by the defendants, and the plaintiff appealed. The court of appeals concluded that the members of the school board were not liable and that there was no indication the insurance required by the statute was intended to protect the driver of the school bus. Consequently, the insureds under the statutes were the school children and the members of the general public. "Thus the contract of insurance contemplated is a direct obligation to any member of the two classes specified in the act to pay the damage sustained by such member as the result of the negligent

---

[1]The district court did not explain why it was retaining jurisdiction over the plaintiff's state law cause against Selective when it had declined to exercise jurisdiction over the plaintiff's other state actions.

operation of the school buses." 82 S.E.2d at 273. Further, "[t]he cause of action is not on the tort, but on the contract by alleging the occurrence of the condition precedent required by the statute, damage sustained by the negligent operation of the school bus." *Id.* at 274.[2]

In defense of the district court's judgment, the plaintiff argues that the statute applies to injuries arising from accidents as well as those caused by the negligent operation of a school bus. She notes that, under cases construing Georgia insurance law, the term "accident" may encompass intentional acts. *See USAA Property & Casualty Insurance Co. v. Wilbur,* 207 Ga.App. 57, 427 S.E.2d 49 (1993)("An intentional act may be an accident when, viewed from the victim's perspective, it is something unforeseen, unusual, and unexpected and not caused by the victim's own misconduct.") She contrasts the section in dispute here with its counterpart relating to the general public, § 20-2-1092, which includes the requirement that the injury result from the negligent operation of the school bus. She points to the fact that the school bus was certainly involved in her case since the attack occurred on the bus.

There does not appear to be a Supreme Court of Georgia decision squarely addressing the question presented by this appeal. Accordingly, we certify the following question to the Supreme Court of Georgia for resolution:

> WHETHER O.C.G.A. § 20-2-1090, A STATUTE REQUIRING COUNTY SCHOOL BOARDS TO PURCHASE INSURANCE FOR THE PURPOSE OF INSURING SCHOOL CHILDREN RIDING SCHOOL BUSES TO AND FROM SCHOOL AGAINST BODILY INJURY RESULTING FROM AN ACCIDENT OR COLLISION IN WHICH SUCH BUSES ARE INVOLVED, ALLOWS A DIRECT ACTION AGAINST A SCHOOL BUS INSURER IN A CASE WHERE ONE STUDENT SUSTAINS AN INJURY RESULTING FROM AN ATTACK BY ANOTHER STUDENT ON THE SCHOOL BUS. THE INSURANCE POLICY IN QUESTION PROVIDES AS FOLLOWS:
>
> "WE WILL PAY ALL SUMS AN "INSURED' LEGALLY MUST PAY AS DAMAGES BECAUSE OF "BODILY INJURY' OF "PROPERTY DAMAGE' TO WHICH THIS INSURANCE APPLIES, CAUSED BY AN "ACCIDENT' AND RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF A COVERED "AUTO' "

---

[2]There are Georgia decisions suggesting that an intentional attack by one student on another student would not be among the class of injuries within the insurance coverage. *See, e.g., Hicks v. Walker County School District,* 172 Ga.App. 428, 323 S.E.2d 231 (1984). Those decisions do not involve a construction of the Georgia Code provision at issue here.

The particular phrasing of this question is not intended to limit the Supreme Court of Georgia in its inquiry and consideration of the various problems and issues posed by the entire case as it perceives them to be. In order to assist its determination, the entire record and the briefs of the parties shall be transmitted to the Supreme Court of Georgia.

QUESTION CERTIFIED.