PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/18/03
THOMAS K. KAHN
CLERK

No. 96-9328

D. C. Docket No. 94-CV-103

NATASHA N. PAYNE, by next friend, HARRIET C. GLEATON,

Plaintiff-Appellee,

versus

SELECTIVE INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Georgia

**(August 6, 1998)**

Before BLACK, Circuit Judge, HILL and HENDERSON, Senior Circuit Judges.

PER CURIAM:

Plaintiff Natasha N. Payne brought this action against the Twiggs County School District and several employees thereof seeking damages for an injury she suffered when she was attacked by a fellow student on a county school bus. She subsequently amended her complaint to assert a claim for direct contractual liability, pursuant to O.C.G.A. § 20-2-1090, against Selective

Insurance Company ("Selective"), which had issued a liability insurance policy to the school district. Selective moved to dismiss the claim against it on the ground that its policy covered only injuries which resulted from negligent operation of a school bus. The district court denied that motion, but subsequently certified its order for immediate review 28 U.S.C. § 1292(b). This court granted Selective's petition for permission to appeal.

In our earlier decision in this case, Payne by Gleaton v. Twiggs County School District, 127 F.3d 1407 (11th Cir. 1997), we concluded that the resolution of the issue in this case was not dictated by clear and controlling precedent of the Georgia Supreme Court. Accordingly, we certified the following question to the Supreme Court of Georgia:

> WHETHER O.C.G.A. § 20-2-1090, A STATUTE REQUIRING COUNTY SCHOOL BOARDS TO PURCHASE INSURANCE FOR THE PURPOSE OF INSURING SCHOOL CHILDREN RIDING SCHOOL BUSES TO AND FROM SCHOOL AGAINST BODILY INJURY RESULTING FROM AN ACCIDENT OR COLLISION IN WHICH SUCH BUSES ARE INVOLVED, ALLOWS A DIRECT ACTION AGAINST A SCHOOL BUS INSURER WHERE ONE STUDENT SUSTAINS AN INJURY RESULTING FROM AN ATTACK BY ANOTHER STUDENT ON THE SCHOOL BUS. THE INSURANCE POLICY IN QUESTION PROVIDES AS FOLLOWS:
> > "WE WILL PAY ALL SUMS AN 'INSURED' LEGALLY MUST PAY AS DAMAGES BECAUSE OF 'BODILY INJURY' OR 'PROPERTY DAMAGE' TO WHICH THIS INSURANCE APPLIES, CAUSED BY AN 'ACCIDENT' AND RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF A COVERED 'AUTO.'"

Payne, 127 at 1410.

The Georgia Supreme Court answered the certified question in the negative, holding that the statute does not allow a direct action against a school bus insurer to recover damages for injuries sustained solely due to one student physically attaching another student while on a school bus. Payne v. Twiggs County School District, 496 S.E.2d 690 (Ga. 1998). Based on this decision, we REVERSE the district court's decision denying Selective's motion to dismiss and REMAND for entry of judgment in favor of Selective.

2